JOHN H. SARLES, LEE B. DURSTINE and FRANK B. SARLES and SARLES & DURSTINE, Respondents, *v.* JOHN McGEE, JAMES DUNN, CATHERINE DUNN, MARY A. ASHMORE, WILLIAM E. GREENE and WILLIAM C. WHITE, Trustee, Defendants; MARY A. ASHMORE, Appellant.

1. **Mortgages; Notice; Senior and Junior Incumbrancers.**
   A senior incumbrancer is not bound to respect the equitable rights of a junior incumbrancer in the property unless he has notice, either

actual or constructive, of such rights. The recording of the junior mortgage is not constructive notice to the prior mortgagee of the existence of such mortgage, or of the mortgagee's equitable right thereunder, to insist that the prior mortagee shall not release from the lien of his mortgage any property upon which the subordinate incumbrancer has no lien, to his prejudice.

(Opinion Filed January 13, 1891; Rehearing Denied Feburary 3, 1891.

*A*PPEAL from district court, Stutsman county; Hon. WM. H. FRANCIS, Judge.

In April, 1883, defendent McGee, owner of part of section 4-149-67, mortgaged said land to appellant to secure payment of his note to her in sum of $1,900. At the same time he had a building on said premises insured against fire for $2,500, with loss payable to appellant. In June, 1883, McGee mortgaged the same and other premises to plaintiffs to secure payment of $2,600. Both mortgages were recorded as soon as made.

In October, 1883, the insured building was destroyed by fire. Neither plaintiffs' nor appellant's debt was then due. Later, and before either debt was due, the insurer made its drafts for sum of $2,466.67, payable to McGee and appellant. By agreement between McGee and appellent the latter applied $700 of the insurance moneys on her debt and the balance was disposed of by McGee.

Afterwards appellant foreclosed her mortgage, bid in the property and a sheriff's deed was made to her.

Then plaintiffs brought this suit to foreclose their mortgage and prayed for a decree adjudging the appellant's mortgage discharged and that her foreclosure proceedings and sheriff's deed be adjudged null and void.

The judgment of the district court was in accordance with the prayer of the complaint.

*Edgar W. Camp*, for appellant; *John S. Watson*, for respondent.

CORLISS, C. J. Viewed in the light of the record, the plaintiffs sought and obtained against the defendant unwarranted re-

lief by invoking that equitable principle whose peculiar office it is to create a duty enforceable in a court of equity which a court of law does not recognize as of binding force. They prayed that they might be relieved from the injurious consequences of defendant's alleged disregard of an equitable duty which they claimed she owed to them. Did she owe such duty? The facts, so far as disclosed by the record, compel a negative reply to this inquiry. Defendant held a first mortgage upon certain premises. Plaintiff owned a second mortgage thereon. There were buildings on the land. Upon them was insurance effected by the mortgagor in his own name; the policy stating that the .loss, if any, should be paid to the first mortgagee, the defendant, as her interest might appear. These buildings were destroyed by fire, and the loss adjusted and paid. The amount exceeded the amount of defendant's mortgage. We will assume that it was all paid to her personally, and paid after the mortgage debt had all become due, although the record by no means necessitates such a view of the facts. A large portion of the money she paid over to the mortgagor, retaining an amount for which she gave credit on the mortgage. We will also assume, without deciding, that it was the defendant's duty, as first mortgagee, to respect the rights of subsequent incumbrances of which she had knowledge, and not suffer any of her security to pass from her control, to the prejudice of the subordinate lien; and that, it appearing that the value of the security held by the second mortgagees, the plaintiffs, was seriously impaired by the destruction of those buildings, it was the duty of defendant, if cognizant of plaintiffs' lien, to apply the insurance money in her hands to the extinguishment of her lien, and not suffer the greater portion of it to escape such lien by passing into the mortagagor's control. Still, not even in the forum of conscience would the relief sought for be granted upon the facts as shown by the record on this appeal. Defendant foreclosed her mortgage after this insurance money came into her hands, assuming that it did come within her control, and, having purchased on the forclosure sale, in course of time secured a deed vesting in her the title of the property under this foreclosure.

Plaintiffs in this action to foreclose their second mortgage ask

that defendant's foreclosure proceedings, culminating in this deed, be annulled by the court on the theory that it was the defendant's duty to apply the insurance money in extinguishment of her lien, because of her equitable duty not to impair the subordinate lien by her conduct with respect to the security. Plaintiffs insist that she had two distinct securities out of which she could collect her debt—the land and the insurance money; that they held a lien on only one of these securities—the land; that defendant owed to them the duty of obtaining their pay from the insurance money, which was sufficient to extinguish her lien; and that equity will regard such duty as performed, and the lien wiped out, on the principle that one who disregards duty shall not assert his own dereliction to the detriment of another to whom that duty was owing. In all this record we find nothing to render these considerations pertinent. There was no equitable duty, because defendant had no knowledge of the rights of the plaintiffs as junior incumbrancers. Equity compels no one to respect an unknown right. Defendant did not know of plaintiffs' mortgage when she suffered this insurance money to pass from her control to the mortgagor. There is no averment of notice in the complaint. This demurrable defect was not cured by the reception without objection of evidence of notice on the trial. Under such a state of the record, the complaint might be amended to conform to the proof. But there is no such evidence in the record. There is no such fact found. There is no pretense of actual notice. Without notice of the lien to be protected, there arose no duty to protect it. Deuster v. McCamus, 14 Wis. 333; Straight v. Harris, id, 509; Insurance Co. v. Halsey, 8 N. Y. 271; Vanorden v. Johnson, 14 N. J. Eq. 376; Ward's Ex'rs v. Hague, 25 N. J. Eq. 397; Wade, Notice, § 203, and cases cited. This principle is elementary. It is true that constructive notice is held to be sufficient to create the duty. But defendant did not have even constructive notice of plaintiffs' inferior lien. The record of their mortgage constituted no such notice. It is only as to subsequent incumbrancers or purchasers that the recording of a mortgage or deed is notice. So the statute is written. §§ 3293, 4369, Comp. Laws. Similar statutes have been so constructed in many jurisdictions. Deus-

ter v. McCamus, 14 Wis. 333,; Straight v. Harris, id. 509; Insurance Co. v. Halsey, 8 N. Y. 271; Vanorden v. Johnson, 14 N. J. Eq. 376; Cheeseborough v. Millard, 1 Johns. Ch. 409; Jones, Mortg. §§ 982, 723, 562. The judgment of the court below annulled the foreclosure proceedings, treating the mortgage lien as extinguished as to plaintiffs. This judgment was unwarranted by the complaint, the findings, or the evidence, and must therefore be reversed, and the complaint dismissed. All concur.