## FIRST NATIONAL BANK OF DICKINSON, a Corporation v. BIG BEND LAND COMPANY, a Corporation.

### (164 N. W. 322.)

**Sale of land — executory contract — vendor — inability to perform — payments made by vendee — under contract — garnishment — judgment — satisfaction of — liability to assignee — relieved from — to extent of judgment.**

1. Where the vendor, in an executory contract for the sale of land, is unable to perform and becomes obligated to repay the vendee the payments made under such contract; and where such vendor, when garnisheed at the suit of the vendee creditors, in good faith and without notice of a prior assignment of the vendee's interest, satisfies a judgment rendered against him in the garnishment proceedings, he is, to that extent, relieved from liability to the assignee.

**Deeds — mortgages — instruments affecting title to real estate — recording — constructive notice — subsequent purchasers and encumbrancers.**

2. By statute the recording of deeds, mortgages, and instruments affecting title to real property is constructive notice to all purchasers and encumbrancers subsequent to recording. It is not any notice to prior purchasers.

Opinion filed July 14, 1917. Rehearing denied August 23, 1917.
38 N. D.—3.

Appeal from the District Court of Dunn County, Honorable *W. C. Crawford,* Judge.

Reversed.

*Thomas H. Pugh,* for appellant.

The record of an instrument which cannot be classed as a "conveyance" of land does not give notice of itself to others. The record of it must be brought to the attention of parties dealing with the land; in other words, actual notice must be had. Comp. Laws 1913 §§. 5504, 5594, 5595; State ex rel. Dillman v. Weide, 29 S. D. 109, 135 N. W. 699; 1 Warvelle, Vend. & P. 2d ed. §§ 175, 176.

"A mere contract or covenant to convey at a future time on the purchaser performing certain acts does not create an equitable title. It is but an agreement that may ripen into an equitable title. Bartlesville Oil & Improv. Co. v. Hill, 30 Okla. 829, 121 Pac. 208.

Constructive notice from the record being dependent upon purely statutory provisions, it follows that such effect will not be given to any and every instrument which the register of deeds may see fit to record, but only to such as may fall within the statutes entitling them to record. The mere record of an instrument not entitled to be there is a nullity. 24 Am. & Enc. Law, 81, 141, 142; Nordman v. Rau, 86 Kan. 19, 38 L.R.A.(N.S.) 400, 119 Pac. 351, Ann. Cas. 1913B, 1068.

The doctrine of constructive notice has always been regarded as a harsh rule of necessity. Davis. v. Ward, 109 Cal. 189, 50 Am. St. Rep. 29, 41 Pac. 1010; 4 Cyc. 33–35 and cases cited; 2 Am. & Eng. Enc. Law, 2d ed. 1077; Graham Paper Co. v. Pembroke, 124 Cal. 117, 44 L.R.A. 632, 71 Am. St. Rep. 26, 56 Pac. 627; Skobis v. Ferge, 102 Wis. 122, 78 N. W. 426.

The contract which was assigned to plaintiff contains the following clause: "Either party hereto may assign his interest in this contract, subject to the consent of the other party hereto." To make the assignment binding on the defendant, its consent thereto must be shown. Mueller v. Northwestern University, 195 Ill. 236, 88 Am. St. Rep. 194, 63 N. E. 110; Lockerby v. Amon, Ann. Cas. 1913A, 228, and note, 64 Wash. 24, 35 L.R.A.(N.S.) 1064, 116 Pac. 463.

Action was brought against plaintiff's assignor of the contract, and this defendant was made a garnishee therein. It resulted in a judgment, which defendant as such garnishee paid in good faith. Such

judgment will receive in this court the same faith and credit that is accorded it at home, and plaintiff will not be heard in its attempt to attack it collaterally at this time. Under such judgment the court had the right to direct the payment of the garnished fund to the plaintiff in that suit. Gude v. Dakota F. & M. Ins. Co. 7 S. D. 644, 58 Am. St. Rep. 860, 65 N. W. 27; Van Norman v. Gordon, 172 Mass. 576, 44 L.R.A. 840, 70 Am. St. Rep. 304, 53 N. E. 267; Fred Miller Brewing Co. v. Capital Ins. Co. 111 Iowa, 590, 82 Am. St. Rep. 529, 82 N. W. 1023; Parker v. Stoughton Mill Co. 91 Wis. 174, 51 Am. St. Rep. 881, 64 N. W. 751; Wis. Stat. § 2768; Comp. Laws 1913, § 7583.

*Murtha & Sturgeon,* for respondent.

The term "conveyance" embraces every instrument in writing by which any estate or interest in real property is created, aliened, mortgaged, or encumbered, or by which the title to any real property may be affected, except wills and powers of attorney. Comp. Laws 1913, § 5595.

Any instrument or judgment affecting the title to or possession of real property may be recorded. Comp. Laws 1913, §§ 5546, 5594, 6865; Shelly v. Mikkelson, 5 N. D. 22, 63 N. W. 210; Case v. Bumstead, 24 Ind. 432; 39 Cyc. 1673 (III.), 1730c, 1732ee, 2031d, 2033-2037; McPheeters v. Ronning, 95 Minn. 164, 103 N. W. 889; Davis v. William Rosenzweig Realty Operating Co. 20 L.R.A.(N.S.) 175, note; Weiss v. Schweitzer, 47 Misc. 297, 95 N. Y. Supp. 923.

Where the vendor fails in the covenants and agreements of his contract to convey, the vendee may recover the amount paid under the contract, and may have and enforce a vendee's lien therefor. Craft v. Latourette, 62 N. J. Eq. 206, 49 Atl. 711; Benson v. Shotwell, 87 Cal. 49, 25 Pac. 249; Coleman v. Floyd, 131 Ind. 330, 31 N. E. 75; Wickman v. Robinson, 14 Wis. 494, 80 Am. Dec. 789.

The assignment herein was in effect a mortgage, and as such is enforceable by plaintiff. 39 Cyc. 1763, III. note 5; Burrows v. Hovland, 40 Neb. 464, 58 N. W. 947; Rodgers v. Peckham, 120 Cal. 238, 52 Pac. 483; Meigs v. McFarlan, 72 Mich. 194, 40 N. W. 246; Niggeler v. Maurin, 34 Minn. 118, 24 N. W. 369; Lovejoy v. Chapman, 23 Or. 571, 32 Pac. 687.

Record of the assignment was notice to the defendant, and notice by

record was given prior to the payment of the money by defendant. Rodgers v. Peckham, 120 Cal. 238, 52 Pac. 483; Comp. Laws 1913, §§ 6742, 6743; 39 Cyc. 1720 (2); McPheeters v. Ronning, 95 Minn. 164, 103 N. W. 889; Shelly v. Mikkelson, 5 N. D. 22, 63 N. W. 210; Burrows v. Hovland, 40 Neb. 464, 58 N. W. 947; Bellingham Bay Boom Co. v. Brisbois, 14 Wash. 173, 44 Pac. 153, 46 Pac. 238; 4 Cyc. 33; 5 C. J. 972, § 163; Lewis v. Bush, 30 Minn. 244, 15 N. W. 113; Ives v. Addison, 39 Kan. 172, 17 Pac. 797; Williams v. Pomeroy, 27 Minn. 85, 6 N. W. 445.

The contract was assignable without defendant's consent. Such contracts are mere securities at best. McPheeters v. Ronning, 95 Minn. 164, 103 N. W. 889; Johnson v. Eklund, 75 Minn. 195, 75 N. W. 14; Wagner v. Cheney, 16 Neb. 202, 20 N. W. 222; Shively v. Semi-Tropic Land & Water Co. 99 Cal. 259, 33 Pac. 848; Ross v. Page, 11 N. D. 458, 92 N. W. 822.

A clause in a contract against assignment does not prevent the holder from assignment of his equitable interest. Butler v. Rockwell, 14 Colo. 125, 23 Pac. 462; School Dist. v. Whalen, 17 Mont. 1, 41 Pac. 849; 4 Cyc. 75, note 72; Ross v. Page, 11 N. D. 458, 92 N. W. 822.

ROBINSON, J. This case presents an appeal from a judgment in favor of the bank for $1,000, and interest from April 2, 1910. The plaintiff brought suit as the assignee of one John Brodie. Brodie had paid the defendant $1,000 on a kind of land contract by which defendant agreed to try to perfect title to certain lands and then to convey the same to Brodie, and, in case of failure to perfect title, to repay Brodie the $1,000. It failed to perfect title, and so it became indebted to Brodie in the sum of $1,000.

On June 5, 1911, Brodie made an assignment of his contract to the bank. It was acknowledged. Then on March 30, 1912, the contract and the assignment were recorded in the office of the proper register of deeds. On March 22, 1912, an action against Brodie was commenced in circuit court of Dane county, Wisconsin, and on March 24, 1912, the Big Bend Land Company and Brodie were duly served with garnishee process.

On April 29, 1912, judgment was given against Brodie for $5,000. The garnishee filed a written answer admitting an indebtedness to

Brodie of $1,000, and paid the same to the clerk of court, and by order of the court it was paid to the plaintiff in said garnishee action on the judgment against Brodie. The Big Bend Land Company had notice in regard to the assignment of its contract with Brodie, except such constructive notice as imputed from the recording of the contract and the assignment.

By statute the recording of deeds and mortgages and instruments affecting title to real property is constructive notice to all purchasers and encumbrancers subsequent to the recording. It is not a notice to a prior purchaser, and the recording of a mere obligation to pay money is not notice to anyone. The defendant was not a subsequent purchaser or encumbrancer, and hence the recording was not notice to the Big Bend Land Company, and without notice of the assignment it had a perfect right to pay the $1,000 to Brodie, or to pay it into court when garnisheed, and such payment was a discharge of its liability. It also appears that when the contract was assigned to the bank it was merely an obligation to repay the $1,000. It was a personal obligation of the defendant, and the plaintiff brings this suit and recovered judgment against the defendant on its mere personal obligation to repay Brodie $1,000; and as defendant paid the same into court in good faith and without notice, of course it is not liable in this action.

Judgment reversed and action dismissed.

BRUCE, Ch. J. I concur in the above opinion, though I prefer to express no opinion on the questions whether the contract was a mere personal obligation and as such not entitled to record, nor do I deem it necessary to do so.

CHRISTIANSON, J. (concurring specially): I concur fully in the result reached, and in the principle announced in the majority opinion prepared by Mr. Justice Robinson, to the effect that the recording of deeds, mortgages, or other instruments affecting title to real property, is constructive notice only to purchasers and encumbrancers subsequent to such recording, and is not notice to prior purchasers or encumbrancers. This rule was declared in the early history of this court in Sarles v. McGee, 1 N. D. 365, 26 Am. St. Rep. 633, 48 N. W. 231, and the correctness thereof has never been questioned.

While as between an assignee and a garnishing creditor, no notice to the garnishee is necessary, and the assignment will prevail over the subsequent garnishment even though the garnishee knew nothing of the assignment, a different rule applies as between the assignee and the garnishee. As between these parties, in the absence of a qualifying statute, there is generally no question but that an assignee must give notice to a garnishee of the assignment before final judgment is rended in the garnishment proceeding, or at least before the garnishee has in good faith satisfied the judgment. See note in L.R.A.1916E, 86, 20 Cyc. 1148. The function of such notice is to protect the debtor garnishee, and prevent him from paying the funds to someone not entitled thereto.

As the recording of the assignment in the case at bar did not impart any notice to the defendant, the payment of the judgment rendered against it as garnishee will protect the defendant from liability for a second payment of the debt so paid, and may be pleaded as a defense. Ibid. Defendant has paid the claim upon which plaintiff's cause of action is based, and cannot be required to pay it a second time. If the plaintiff has any remedy, it is against the party to whom the defendant paid the moneys under the judgment rendered against it as garnishee. Note in L.R.A.1916E, 86.