2016 ND 37

**DESERT PARTNERS IV, L.P., and Family Tree Corporation, Plaintiffs and Appellees**

v.

**Thomas H. BENSON, Leatrice Benson, John Benson, Brian Benson, Ann P. Kemske, Jon Kemske; and all other persons unknown claiming any estate or interest in, or lien or encumbrance upon, the property described in the Complaint, Defendants**

**John Benson, Appellant**

and

**Ann P. Kemske and Jon Kemske, Appellees.**

**No. 20150105.**

Supreme Court of North Dakota.

Feb. 18, 2016.

Nathan M. Bouray, Dickinson, N.D., for plaintiffs and appellees.

Amy J. Doll (on brief), Morris, MN, for defendants and appellees Ann P. Kemske and Jon Kemske.

John Benson, self-represented, Minnetonka, MN, appellant.

SANDSTROM, Justice.

[¶ 1] John Benson appeals from a summary judgment quieting title in disputed mineral interests in Desert Partners IV, L.P. Benson argues the district court erred in concluding Desert Partners and Family Tree Corporation, Inc., were entitled to summary judgment as good-faith purchasers for value of the disputed mineral interests. We conclude summary judgment was inappropriate, and we reverse and remand.

I

[¶ 2] This quiet title action involves competing claims to disputed mineral interests in 160 acres of land in McKenzie County, described as:

*Township 152 North, Range 100 West*
Section 33: E½ SE 1/4
Section 34: W½ SW 1/4

The disputed mineral interests stem from Elmer Benson, who, sometime before 1990, conveyed a 1/5th share in the mineral interests in the 160 acres to each of five named grandchildren: Edward Benson,

John Benson, Louise Benson, Geri Benson, and Ann Kemske.

[¶ 3] By a deed dated December 13, 1990, Ann Kemske and her husband, Jon Kemske, conveyed and quitclaimed all their right, title, and interest in the 160 acres to Thomas Benson, John Benson's father. The Kemskes' 1990 deed, however, was not recorded in the office of the recorder for McKenzie County until April 9, 2012. On April 15, 2010, Ann Kemske executed a mineral deed conveying all of her right, title, and interest in the minerals in 1,720 acres of land in McKenzie County to Family Tree, including the disputed mineral interests in the 160 acres described in the Kemskes' 1990 deed to Thomas Benson. Ann Kemske's April 2010 mineral deed to Family Tree was recorded on May 12, 2010. Family Tree thereafter conveyed 24 net mineral acres in the 160 acres to Desert Partners by mineral deed dated May 12, 2010, and recorded on June 2, 2010.

[¶ 4] In January 2013, Desert Partners and Family Tree sued multiple defendants, including Thomas Benson, John Benson, Brian Benson, the Kemskes, and all other unknown persons claiming any interest in the 160 acres to quiet title in the mineral interests in that land. The plaintiffs alleged the Kemskes' 1990 deed to Thomas Benson was recorded on April 9, 2012, which was after Ann Kemske's April 15, 2010, deed to Family Tree was recorded on May 12, 2010, and after Family Tree's May 12, 2010, deed to Desert Partners was recorded on June 2, 2010. The plaintiffs alleged Family Tree was a good-faith purchaser for valuable consideration and without notice of the Kemskes' prior unrecorded deed to Thomas Benson and sought to quiet title in the disputed mineral interests.

[¶ 5] John Benson answered, claiming Thomas Benson conveyed the disputed mineral interests to him and his son, Brian Benson, and alleging the plaintiffs failed to make a reasonable, diligent inquiry about ownership of the disputed mineral interests because the plaintiffs did not check the record title to the property before recording their deeds. John Benson alleged that if Family Tree had done an index title search, it would have discovered a statement of claim of mineral interest recorded in November 2005, which identified Thomas H. Benson, Leatrice Benson, Edward Benson, Louise Benson Kack, Geri Benson, and Ann Pflueger Kemske as owners of an undivided interest in the disputed mineral interests and indicated Thomas Benson executed the statement of claim under a power of attorney. John Benson contended Family Tree was not a good-faith purchaser in 2010 because it should have then inquired about the ownership of the disputed mineral interests. The Kemskes also answered, claiming their 1990 deed to Thomas Benson was intended to convey only their surface rights to the 160 acres and not mineral rights.

[¶ 6] The plaintiffs and John Benson both moved for summary judgment. The district court initially granted the plaintiffs' motion for summary judgment. In *Desert Partners IV, L.P. v. Benson*, 2014 ND 192, ¶¶ 1, 23, 855 N.W.2d 608, we reversed and remanded, concluding the district court did not properly give notice of a hearing on the parties' motions for summary judgment and John Benson was entitled to a hearing on his motion.

[¶ 7] On remand and after a hearing, the district court again granted the plaintiffs' motion for summary judgment, concluding that when Family Tree obtained Ann Kemske's mineral interests and recorded the mineral deed in 2010, there was no evidence it had knowledge of the prior unrecorded deed from the Kemskes to

Thomas Benson and that John Benson failed to provide any evidence the plaintiffs were not good-faith purchasers for value of the mineral interests. The court concluded Desert Partners was the owner in fee simple of the mineral interests in the 160 acres and the defendants had no interest in the 160 acres, and ordered the defendants enjoined from claiming an interest. A judgment was entered quieting title to Desert Partners in fee simple in the mineral interests in the 160 acres.

[¶ 8] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. John Benson's appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01.

## II

[¶ 9] We have outlined relevant standards for our review of a summary judgment:

Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record.

*Tibert v. Nodak Mut. Ins. Co.,* 2012 ND 81, ¶ 8, 816 N.W.2d 31 (quoting *Myaer v. Nodak Mut. Ins. Co.,* 2012 ND 21, ¶ 9, 812 N.W.2d 345).

[¶ 10] " 'Summary judgment is inappropriate if neither party is entitled to judgment as a matter of law or if reasonable differences of opinion exist as to the inferences to be drawn from the undisputed facts.' " *Riedlinger v. Steam Bros., Inc.,* 2013 ND 14, ¶ 10, 826 N.W.2d 340 (quoting *Burris Carpet Plus, Inc. v. Burris,* 2010 ND 118, ¶ 10, 785 N.W.2d 164). "[T]he district court's role is limited to determining whether the evidence and inferences to be drawn therefrom, when viewed in the light most favorable to the party opposing summary judgment, demonstrate that there are no genuine issues of material fact.' " *Farmers Union Oil Co. v. Smetana,* 2009 ND 74, ¶ 10, 764 N.W.2d 665 (quoting *Heng v. Rotech Med. Corp.,* 2004 ND 204, ¶ 34, 688 N.W.2d 389). Deciding an issue by summary judgment is not appropriate if the court must draw inferences and make findings on disputed facts. *Smetana,* at ¶ 10. The court may not "weigh the evidence, determine credibility, or attempt to discern the truth of the matter when ruling on a motion for summary judgment." *Id.* A motion for summary judgment is not an opportunity for a mini-trial. *Id.* at ¶ 11.

## III

[¶ 11] John Benson argues the district court erred in granting the plaintiffs' motion for summary judgment because there are disputed issues of material fact about whether the plaintiffs were good-faith purchasers for value of the disputed mineral

interests without notice of the prior unrecorded deed under N.D.C.C. § 47–19–41. He argues the determination of a good-faith purchaser for value requires findings of fact inappropriate for summary judgment. He claims the plaintiffs had a duty to investigate the ownership of the disputed mineral interests when Ann Kemske executed the April 15, 2010, mineral deed to Family Tree for mineral interests in 1,720 acres of land and only owned mineral interests in 160 acres of land. He claims the "statement of claim of mineral interest" recorded in the office of the recorder for McKenzie County in 2005 imposed a duty on the plaintiffs to investigate and contends there are disputed issues of material fact about whether the plaintiffs had information giving them constructive notice of the prior unrecorded deed. He also argues the court erred in not granting his motion for summary judgment.

[¶ 12] An unrecorded instrument is valid between the parties to the instrument and those with notice. N.D.C.C. § 47–19–46. When this action was brought in January 2013, N.D.C.C. § 47–19–41 [1] provided in part that "[e]very conveyance of real estate not recorded shall be void as against any subsequent purchaser in good faith, and for a valuable consideration, of the same real estate, or any part or portion thereof."

[¶ 13] Good faith is "an honest intention to abstain from taking any unconscientious advantage of another even through the forms or technicalities of law, together with an absence of all information or belief of facts which would render the transaction unconscientious." N.D.C.C. § 1–01–21. A good-faith purchaser must acquire rights without actual or constructive notice of another's rights. *Smetana,*

2009 ND 74, ¶ 16, 764 N.W.2d 665. Actual notice consists of express information of a fact, N.D.C.C. § 1–01–23, and constructive notice is notice imputed by law to a person not having actual notice. N.D.C.C. § 1–01–24. A person who has "actual notice of circumstances sufficient to put a prudent person upon inquiry as to a particular fact and who omits to make such inquiry with reasonable diligence is deemed to have constructive notice of the fact itself." N.D.C.C. § 1–01–25; *Erway v. Deck,* 1999 ND 7, ¶ 10, 588 N.W.2d 862. Whether a party acted in good faith is a question of fact. *Smetana,* at ¶ 15. "The record of any instrument shall be notice of the contents of the instrument, as it appears of record, as to all persons." N.D.C.C. § 47–19–19. This Court long ago recognized that the language in N.D.C.C. § 47–19–19 provides constructive notice of the contents of a recorded instrument to all purchasers and encumbrancers subsequent to the recording. *First Nat'l Bank v. Big Bend Land Co.,* 38 N.D. 33, 37, 164 N.W. 322 (1917). *See Wheeler v. Southport Seven Planned Unit Dev.,* 2012 ND 201, ¶ 17, 821 N.W.2d 746; *Bangen v. Bartelson,* 553 N.W.2d 754, 758 (N.D.1996).

[7] [¶ 14] This Court has "consistently held that a purchaser who fails to make the requisite inquiry cannot claim the protection of a good-faith purchaser status" under N.D.C.C. § 47–19–41. *Swanson v. Swanson,* 2011 ND 74, ¶ 10, 796 N.W.2d 614. "Rather, a person who fails to make the proper inquiry will be charged with constructive notice of all facts that such inquiry would have revealed." *Id.*

[¶ 15] Here the Kemskes executed a deed conveying and quitclaiming all their right, title, and interest in the 160

---

1. Section 47–19–41, N.D.C.C., was amended effective August 1, 2013. Section 47–19–41, N.D.C.C., was again amended by 2015 N.D. Sess. Laws ch. 314, effective August 1, 2015. The parties agree the pre–2013 version of N.D.C.C. § 47–19–41 applies to this case.

acres to Thomas Benson in 1990, but that deed was not recorded until 2012. That deed is valid between the parties to the instrument and those with notice. N.D.C.C. § 47–19–46. The record also includes a "statement of claim of mineral interest" for the disputed mineral interests in the 160 acres, which was recorded in the office of the recorder for McKenzie County on November 3, 2005, before Ann Kemske conveyed mineral interests to Family Tree in 2010. The statement of claim was executed by Thomas Benson as power of attorney for Ann Kemske and other owners including Thomas H. Benson and the "record of [that] instrument [is] notice of the contents of the instrument, as it appears of record, as to all persons." N.D.C.C. § 47–19–19. The statement of claim provides constructive notice on the record about Ann Kemske's ownership and authority to convey the disputed mineral interests in 2010, when she executed the mineral deed to Family Tree. The statement of claim was recorded in 2005 and was constructive notice to all purchasers subsequent to that recording under N.D.C.C. § 47–19–19. We conclude the statement of claim imposed a duty of further inquiry on Family Tree to ascertain the state of the ownership of the disputed mineral interests, and Family Tree is deemed to have constructive notice of the facts an inquiry would have revealed. We therefore conclude there are disputed issues of material fact involving whether the plaintiffs were good-faith purchasers for valuable consideration of the disputed mineral interests.

[¶ 16] John Benson also argues the district court erred in not granting his motion for summary judgment under equitable principles. His argument is premised on his claim the plaintiffs were not good-faith purchasers for valuable consideration, an issue we have concluded was not appropriate for summary judgment. We therefore reject John Benson's claim that the court erred in denying his motion for summary judgment.

[¶ 17] In reversing the summary judgment, we also note the judgment purported to quiet title to Desert Partners in fee simple in the mineral interests to the entire 160 acres and appears to be broader than the claim to quiet title to Ann Kemske's mineral interests in the 160 acres.

### IV

[¶ 18] We reverse the summary judgment and remand for further proceedings.

[¶ 19] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, LISA FAIR McEVERS and CAROL RONNING KAPSNER, JJ., concur.