Jensen, Justice.
 

 [¶ 1] Brittany Creech appeals a judgment evicting her from property in Williams County owned by Louis Tornabeni. Creech asserts Tornabeni's notice of intent to evict was deficient, the summary eviction proceeding violated her right to due process, the district court abused its discretion in excluding certain exhibits, the court's findings of fact were clearly erroneous, and the delivery of the deed was defective and prevented Tornabeni from obtaining ownership of the property. We affirm.
 

 I
 

 [¶ 2] On April 1, 2016, Creech executed a deed conveying the subject property to Tornabeni. Tornabeni recorded the deed with the Williams County Recorder on June 2, 2016. At the time of the conveyance and subsequent to the conveyance to Tornabeni, Creech resided at the property without a lease and without any payment obligation.
 

 [¶ 3] On October 6, 2017, Tornabeni served Creech with a notice of intent to evict as required by N.D.C.C. § 47-32-02. The notice stated the intended eviction was the result of Creech's "failure to pay rent and failure to vacate possession of the premises after request by the property owner."
 

 [¶ 4] Creech failed to vacate the property as requested in the notice of intent to evict. On October 18, 2017, Tornabeni served a summons and complaint to forcibly remove Creech from the property. The district court scheduled a November 1, 2017 eviction hearing, satisfying the requirement under N.D.C.C. § 47-32-02 that a hearing be set no fewer than three days or more than 15 days after service of the summons.
 

 [¶ 5] Both parties appeared at the November 1, 2017 hearing. After approximately an hour and five minutes, the district court continued the hearing until November 6, 2017. The primary point of contention between the parties during the hearing was Creech's assertion her signature on the April 1, 2016 deed was forged and Tornabeni was not the owner of the property.
 

 [¶ 6] Creech attempted to introduce as an exhibit her vehicle registration cards during the cross-examination of Tornabeni's witness, Brenon Andreasen. Following a foundation objection by Tornabeni's counsel, the district court provided Creech the following guidance:
 

 [Y]ou'll have to lay a bit of foundation here before I can rule on whether these should be admitted. What are these purport[ed] to show? And you're going to have to ask questions of this witness if
 
 *775
 
 you believe he has some kind of knowledge of this.
 

 [¶ 7] After additional cross-examination of Andreasen by Creech, the district court provided additional instruction to Creech: "If you want to lay foundation for this through your own testimony, you'll have to do that. But this witness didn't. Those documents weren't admitted." Creech did not attempt to reintroduce the exhibit.
 

 [¶ 8] Creech also sought to introduce an eviction notice from earlier proceedings in which Creech sought to evict Tornabeni from the property when Creech was the owner. She offered the notice during her cross-examination of Andreasen. Tornabeni objected, asserting it was not relevant to the present proceedings and that Andreasen could not provide the required foundation for the exhibit. The district court again advised Creech she needed to lay the foundation for the document through Andreasen as a witness. The court suggested Creech may need to lay the foundation through her own testimony. Creech never attempted to re-introduce the eviction notice.
 

 [¶ 9] In response to Creech's assertion that she owned the property because Tornabeni forged her signature on the April 1, 2016 deed, Tornabeni called as a witness James Duffy, the notary identified on the deed. Duffy testified he would not have applied his notary stamp or signed the deed if it was not signed by both parties in front of him. Andreasen also testified he saw Creech sign the deed. Terry Bendixson, Williams County Chief Deputy Recorder, testified that before recording the deed she reviewed it to determine whether the signatures on the document were original.
 

 [¶ 10] The district court found a preponderance of the evidence showed the April 1, 2016 deed was valid and effective. The court concluded Tornabeni owned the property and entered a judgment evicting Creech from the property.
 

 II
 

 [¶ 11] Creech argues the notice of intent to evict did not comply with N.D.C.C. § 47-32-02 because it incorrectly stated that the reason for the eviction was failure to make rental payments. She asserts she was not under an obligation to provide rental payments.
 

 [¶ 12] The relevant portion of N.D.C.C. § 47-32-02 reads as follows:
 

 In all cases arising under subsections 4, 5, 6, and 8 of section 47-32-01, three days' written notice of intention to evict must be given to the lessee, subtenant, or party in possession, before proceedings can be instituted.
 

 [¶ 13] Neither party briefed or challenged whether or not this case involves a situation "arising under subsections 4, 5, 6, and 8 of section 47-32-01" and required a notice of intention to evict to be served on Creech. We also note N.D.C.C. § 47-32-02 does not expressly require the reason for the eviction to be stated in the notice.
 

 [¶ 14] Regardless of whether or not the notice was required here or needs to include the reason for the eviction, the notice informed Creech she was required to vacate the premises because of her "failure to vacate possession of the premises after request by the property owner." Creech was asked to vacate the premises and was adequately informed of the reason for the intended eviction. The eviction notice satisfied the requirements of N.D.C.C. § 47-32-02.
 

 III
 

 [¶ 15] Creech contends the summary eviction proceedings provided by N.D.C.C. ch. 47-32 violated her right to due process. Specifically, Creech asserts a
 
 *776
 
 dispute over the title to property is complex, requires an opportunity for discovery, and the requirement that the hearing be held no fewer than three days or more than 15 days after service of the summons does not provide sufficient time for preparation.
 

 [¶ 16] This Court has noted that "[i]t is generally recognized that an eviction action frequently requires resolution of questions of title."
 
 United Bank of Bismarck v. Trout
 
 ,
 
 480 N.W.2d 742
 
 , 745 (N.D. 1992). We have also recognized:
 

 The district court has broad discretion in controlling the time allotted for a hearing.
 
 See
 

 Mairs v. Mairs
 
 ,
 
 2014 ND 132
 
 , ¶ 10,
 
 847 N.W.2d 785
 
 ;
 
 Wahl v. Northern Improvement Co.
 
 ,
 
 2011 ND 146
 
 , ¶ 6,
 
 800 N.W.2d 700
 
 ;
 
 see also
 

 Manning v. Manning
 
 ,
 
 2006 ND 67
 
 , ¶ 30,
 
 711 N.W.2d 149
 
 ("A district court has broad discretion over the presentation of evidence and the conduct of trial, but it must exercise its discretion in a manner that best comports with substantial justice.");
 
 Hartleib v. Simes
 
 ,
 
 2009 ND 205
 
 , ¶ 15,
 
 776 N.W.2d 217
 
 ("In exercising that discretion, the court may impose reasonable restrictions upon the length of the trial or hearing and upon the number of witnesses allowed."). A majority of this Court has also held the scope of a hearing often depends on whether the procedure is an action or a special proceeding.
 
 See, e.g.,
 

 Peters-Riemers v. Riemers
 
 ,
 
 2001 ND 62
 
 , ¶ 13,
 
 624 N.W.2d 83
 
 ;
 
 Sandbeck v. Rockwell
 
 ,
 
 524 N.W.2d 846
 
 , 848-49 (N.D. 1994).
 

 Rath v. Rath
 
 ,
 
 2016 ND 46
 
 , ¶ 20,
 
 876 N.W.2d 474
 
 . A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner; its decision is not the product of a rational mental process leading to a reasoned decision; or it misinterprets or misapplies the law.
 
 Estate of Albrecht
 
 ,
 
 2018 ND 67
 
 , ¶ 23,
 
 908 N.W.2d 135
 
 .
 

 [¶ 17] The district court recognized that determination of whether Creech was required to vacate the property also required determination of whether Creech's signature on the April 1, 2016 deed had been forged. The court continued the hearing to allow the parties to present more evidence. An eviction is a special proceeding governed by N.D.C.C. ch. 47-32. Under these circumstances, we conclude the district court did not abuse its discretion in conducting the hearing within the time proscribed by N.D.C.C. ch. 47-32.
 

 IV
 

 [¶ 18] Creech argues the district court improperly excluded from evidence the vehicle registration cards and the notice of the intent to evict from the earlier eviction proceeding she initiated to remove Tornabeni from the property. The court denied the admission of the exhibits, noting Creech had not provided sufficient foundation.
 

 [¶ 19] With regard to the exclusion of evidence on foundational grounds, we have held:
 

 A trial court's decision to exclude evidence because of inadequate foundation lies within the sound discretion of the trial court and will not be disturbed on appeal unless there was an abuse of discretion that affected substantial rights of the parties.
 
 Swiontek v. Ryder Truck Rental, Inc.
 
 ,
 
 432 N.W.2d 893
 
 , 896 (N.D. 1988). We review a trial court's exclusion of evidence on foundational grounds as follows:
 

 Whether or not an exhibit should have been excluded on the basis that it lacked adequate foundation is primarily within the sound discretion of the trial court, the exercise of which will not be disturbed on appeal in the
 
 *777
 
 absence of a showing that it affected the substantial rights of the parties.
 

 Id
 
 . (citing
 
 Ned Nastrom Motors, Inc. v. Nastrom-Peterson-Neubauer Co.
 
 ,
 
 338 N.W.2d 64
 
 , 66 (N.D. 1983) ).
 

 Piatz v. Austin Mut. Ins. Co.
 
 ,
 
 2002 ND 115
 
 , ¶ 17,
 
 646 N.W.2d 681
 
 .
 

 [¶ 20] Here, the district court did not abuse its discretion in excluding the exhibits. Creech did not provide sufficient foundation for the documents and has not shown exclusion of the exhibits affected her substantial rights. The court explained to Creech how proper foundation could potentially be provided during her testimony, but she failed to provide that foundation during her testimony and did not seek to re-admit the exhibits.
 

 V
 

 [¶ 21] Creech asserts the district court clearly erred in finding the April 1, 2016 deed was valid and that her signature was not forged. In particular, Creech argues the court failed to adequately address the evidence supporting her forgery allegations.
 

 [¶ 22] Our review of findings of fact in a trial to the district court is governed by N.D.R.Civ.P. 52(a)(6), which provides that findings of fact must not be set aside unless the findings are clearly erroneous. We have summarized our review as follows:
 

 A finding of fact is clearly erroneous under N.D.R.Civ.P. 52(a) if it is not supported by any evidence, if, although there is some evidence to support the finding, a reviewing court is left with a definite and firm conviction a mistake has been made, or if the finding is induced by an erroneous conception of the law.
 

 Pierce v. Anderson
 
 ,
 
 2018 ND 131
 
 , ¶ 11,
 
 912 N.W.2d 291
 
 (quoting
 
 WFND, LLC v. Fargo Marc, LLC
 
 ,
 
 2007 ND 67
 
 , ¶ 13,
 
 730 N.W.2d 841
 
 ) (citation omitted). It is well-settled that under the clearly erroneous standard of review, we do not reweigh the evidence or reassess the credibility of witnesses.
 
 Dickson v. Dickson
 
 ,
 
 2018 ND 130
 
 , ¶ 7,
 
 912 N.W.2d 321
 
 . When the district court makes a choice between two permissible views of the weight of the evidence, our deferential review requires a conclusion that the findings are not clearly erroneous.
 
 Id
 
 .
 

 [¶ 23] The district court summarized its findings regarding Creech's signature on the April 1, 2016 deed at the eviction hearing:
 

 [A]ll I have is information that could be explained your way, but also could be explained by what Mr. Tornabeni has presented. And with regard to the document that's labeled here as a forgery, Defendant's Exhibit K, I guess all I can say is that looks to me like the same document. It's just simply the copy is a little bit-the copy is a little bit bigger if that makes any sense. Like the size of the copy. But other than that, it looks to me to be the same as the Plaintiff's Exhibit 1, the actual official deed that was recorded.
 

 So, that's a long way of saying that I'm not convinced of the forgery at this point that's being alleged by Ms. Creech. And I am finding by a preponderance of the evidence that Plaintiff's Exhibit 1, the quit claim deed, Number 823363, was an effective deed.
 

 [¶ 24] On the basis of the evidence presented, the record supports the district court's findings. The court was presented with two mutually exclusive alternatives; Creech's signature was or was not forged. The court recognized that and was not persuaded Creech's signature on the April 1, 2016 deed was forged. Duffy testified that it is his practice as a notary to witness
 
 *778
 
 both parties' signatures before notarizing the deed. Andreasen testified he witnessed Creech sign the deed. The testimony supports the finding that Creech's signature was not forged. The district court's findings relating to Creech's signature on the deed are not clearly erroneous.
 

 [¶ 25] Creech also claims one of the district court's findings is clearly erroneous because it was induced by an erroneous view of the law. The court found that Bendixson, Williams County Chief Deputy Recorder, "testified as to the Deed's authenticity." Creech asserts the court improperly applied N.D.C.C. §§ 11-18-04 and 11-18-11, relating to the recording of instruments, by allowing Bendixson to verify the "authenticity" of the April 1, 2016 deed.
 

 [¶ 26] Creech's argument asserting the district court's finding was induced by an erroneous view of the law is misplaced. Section 47-19-03, N.D.C.C., provides that "before an instrument may be recorded, the document and any acknowledgment must be executed with an original signature." Bendixson testified that before recording a document, she reviews the document to ascertain whether it contains original signatures and appropriate notarization. On cross-examination, Bendixson testified the county recorder's role is limited to determining the statutory requirements for recording a document have been met, and she does not verify the authenticity of the signatures on a document. On the basis of Bendixson's testimony, we are not persuaded the district court's finding was induced by an erroneous view of the law.
 

 VI
 

 [¶ 27] Creech also asserts the district court misapplied the law in determining the delivery, validity, and effectiveness of the April 1, 2016 deed. Her challenge to the court's conclusions regarding the delivery, validity, and effectiveness of the April 1, 2016 deed relies on her assertions her signature was forged and the summary eviction proceeding was not appropriate. Because we have concluded the court did not abuse its discretion in proceeding with the summary eviction process and determined the court's findings regarding Creech's signature were not clearly erroneous, it is unnecessary to address her challenge to the delivery, validity, and effectiveness of the April 1, 2016 deed.
 

 VII
 

 [¶ 28] The required notice of intent to evict was not deficient, summary eviction proceedings did not violate Creech's right to due process, the district court did not abuse its discretion in excluding exhibits, and the court's findings of fact were not clearly erroneous. The judgment is affirmed.
 

 [¶ 29] Jon J. Jensen
 

 Jerod E. Tufte
 

 Lisa Fair McEvers
 

 Gerald W. VandeWalle, C.J.
 

 Carol Ronning Kapsner, S.J.
 

 [¶ 30] The Honorable Carol Ronning Kapsner, S.J., sitting in place of Crothers, J., disqualified.