# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

2019 ND 19

Desert Partners IV, L.P., and Family Tree Corporation,     Plaintiffs and Appellees

    v.

Thomas H. Benson, Leatrice Benson, Brian Benson;
and all other persons unknown claiming any
estate or interest in, or lien or encumbrance upon,
the property described in the Complaint,     Defendants

    and

Ann P. Kemske, Jon Kemske,     Defendants and Appellees

    and

John Benson,     Defendant and Appellant

No. 20180112

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Robin A. Schmidt, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Justice.

Nicholas C. Grant, Dickinson, ND, for plaintiffs and appellees Desert Partners IV, L.P. and Family Tree Corporation.

Paul Brutlag, Morris, MN, for defendants and appellees Ann P. Kemske and Jon Kemske; submitted on brief.

John Benson, self-represented, Minnetonka, MN, defendant and appellant.

**Jensen, Justice.**

[¶1]    John Benson appeals a district court judgment in a quiet title action determining Desert Partners IV, L.P. and Family Tree Corporation, Inc. own 32 net mineral acres in McKenzie County.  Benson asserts the district court abused its discretion in denying his request for a continuance of the trial and erred in its conclusion that Desert Partners and Family Tree were good-faith purchasers of the minerals.  We affirm.

I

[¶2]    In two deeds dated November 16, 1984, and January 1, 1985, John Benson, Edward Benson, Louise Benson, Geri Benson, and Ann Kemske each received an undivided one-fifth mineral interest in 160 acres from their grandparents.  On May 4, 1985, the Benson grandchildren executed a power of attorney giving Thomas Benson limited authority to act on their behalf with respect to their mineral interests in Montana and North Dakota.  The power of attorney was recorded on December 2, 2015.

[¶3]    In 1990, Kemske conveyed her mineral interest to Thomas Benson, but he did not record the deed until April 2012.  In 2005, Thomas Benson recorded a statement of claim of mineral interest indicating that he and Leatrice Benson, Edward Benson, Louise Benson, Geri Benson, and Ann Kemske owned the minerals in and under 160 acres in McKenzie County.  Thomas Benson executed the statement of claim as power of attorney, presumably under the authority of the 1985 power of attorney.

[¶4]    On April 15, 2010, Kemske executed a deed conveying the minerals to Family Tree.  Family Tree recorded the deed on May 12, 2010.  Family Tree conveyed 24 net mineral acres to Desert Partners on May 12, 2010, and Desert Partners recorded that

deed on June 2, 2010. In February 2009, before conveying her mineral interest to Family Tree, Kemske leased the interest to T.S. Dudley Land Company, Inc.

[¶5]   Thomas Benson conveyed his interest from Kemske to John and Brian Benson in May 2010. John and Brian Benson recorded their deed on June 3, 2010, and re-recorded their deed on June 4, 2010 to revise the legal description.

[¶6]   Desert Partners and Family Tree sued several parties, including John Benson, to judicially determine the ownership of the mineral interest they acquired from Kemske. The dispute, in summary, arises from Kemske's transfer of her interest to Thomas Benson through a deed executed in 1990, but not recorded until 2012, Kemske's transfer of the same interest to Family Tree in April 2010 with the deed being recorded on May 12, 2010, and Family Tree's conveyance to Desert Partners on May 12, 2010 with the deed being recorded on June 2, 2010. Subsequently, on June 3, 2010 and June 4, 2010, John Benson and Brian Benson recorded and re-recorded the deed from Thomas Benson.

[¶7]   Family Tree and Desert Partners moved for summary judgment, arguing Family Tree was not aware of the unrecorded deed from Kemske to Thomas Benson and that it purchased the minerals in good faith. The district court granted their motion. In *Desert Partners v. Benson*, 2016 ND 37, ¶ 15, 875 N.W.2d 510, this Court reversed and remanded, concluding there were disputed issues of material fact involving whether Family Tree and Desert Partners were good-faith purchasers of the disputed minerals.

[¶8]   On remand, the bench trial was initially scheduled for November 1, 2016. John Benson informed the district court the morning of trial that he could not participate because he was under the influence of narcotic pain medication. The court rescheduled trial for February 17, 2017. Before the scheduled trial date, Benson again alleged he could not participate at trial due to his health. On March 10, 2017, the court entered a Final Order for Continuance of Trial, which included notification that "the Court will not continue this matter again for [Benson's] health concerns." The court rescheduled trial for October 3, 2017. At 4:58 p.m. on October 2, 2017, a

person identifying herself as Benson's "Personal Care Attendant/Power of Attorney/Medical Proxy" emailed the court informing it Benson would not be able to attend the trial due to his health. The court proceeded with the trial on October 3, 2017 without Benson present. At trial, witnesses for Family Tree testified about the purchase of Kemske's mineral interest. Following trial, the court concluded that Family Tree and Desert Partners purchased the minerals in good faith. The court entered a judgment awarding Desert Partners and Family Tree ownership of the minerals.

## II

[¶9] John Benson argues the district court erred in not granting a continuance to accommodate what he described as a sudden medical emergency and that the court denied him a fair and impartial hearing by not affording him an opportunity to testify and present evidence.

[¶10] This Court has previously noted that "the district court has broad discretion over the presentation of evidence and conduct of a trial, in addition to whether to grant a motion for a continuance, and the court's decision will not be reversed on appeal absent an abuse of discretion." *Carroll v. Carroll*, 2017 ND 73, ¶ 11, 892 N.W.2d 173 (citing *Wilson v. Wilson*, 2014 ND 199, ¶ 7, 855 N.W.2d 105; *Rickert v. Dakota Sanitation Plus, Inc.*, 2012 ND 37, ¶ 31, 812 N.W.2d 413). A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, it misinterprets or misapplies the law, or its decision is not the product of a rational mental process leading to a reasoned determination. *Tornabeni v. Creech*, 2018 ND 204, ¶ 16, 916 N.W.2d 772. Rule 6.1(b), N.D.R.Ct., states that "[m]otions for continuance shall be promptly filed as soon as the grounds therefor are known and will be granted only for good cause shown, either by affidavit or otherwise."

[¶11] The district court did not abuse its discretion in proceeding with the trial on the third scheduled trial date. A person identifying herself as Benson's "Personal Care Attendant/Power of Attorney/Medical Proxy" sent an email to the court at 4:58 p.m.

on October 2, 2017, the day before trial. The email is not an affidavit, is not a medical record, was not compiled by Benson's physician and consists primarily of hearsay statements. Even if we were to consider the email as a motion for a continuance, the "motion" was not supported by an affidavit and the email was not otherwise sufficient to establish good cause for a continuance under N.D.R.Ct. 6.1(b). We also note that this would have been the third continuance of the trial at Benson's request because of his health. Following the prior continuance the court expressly informed Benson that no further continuances would be granted because of his health. *See Carroll*, 2017 ND 73, ¶ 13, 892 N.W.2d 173 (upholding denial of a continuance in part because district court "found [movant] had been 'well notified ahead of time' trial would occur on that date"). Under these circumstances, the district court did not abuse its discretion in proceeding with trial without Benson present.

III

[¶12] Benson argues the district court erred in ruling Desert Partners and Family Tree purchased the minerals in good faith. He contends Family Tree failed to make a proper inquiry into the ownership of the disputed minerals in light of the statement of mineral claim recorded by Thomas Benson in 2005.

[¶13] In *Desert Partners*, 2016 ND 37, ¶ 15, 875 N.W.2d 510, this Court stated:

> The statement of claim provides constructive notice on the record about Ann Kemske's ownership and authority to convey the disputed mineral interests in 2010, when she executed the mineral deed to Family Tree. The statement of claim was recorded in 2005 and was constructive notice to all purchasers subsequent to that recording under N.D.C.C. § 47-19-19. We conclude the statement of claim imposed a duty of further inquiry on Family Tree to ascertain the state of the ownership of the disputed mineral interests, and Family Tree is deemed to have constructive notice of the facts an inquiry would have revealed.

[¶14] This Court has recognized that the determination of whether a party was a good-faith purchaser without notice of a competing interest is a mixed question of fact and law. *Sundance Oil & Gas, LLC v. Hess Corp.*, 2017 ND 269, ¶ 12, 903 N.W.2d 712. We have also noted that the facts "necessary to determine whether a party has

attained the status of a good-faith purchaser without notice constitute findings of fact. On the other hand, a trial court's ultimate determination a party acted in good faith constitutes a conclusion of law." *Swanson v. Swanson*, 2011 ND 74, ¶ 9, 796 N.W.2d 614 (citations omitted). "A good-faith purchaser must acquire rights without actual or constructive notice of another's rights." *Sundance*, at ¶ 14 (quoting *Desert Partners*, 2016 ND 37, ¶ 13, 875 N.W.2d 510).

[¶15] We review a district court's findings of fact under the clearly erroneous standard of review. *Tornabeni*, 2018 ND 204, ¶ 22, 916 N.W.2d 772. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, is not supported by any evidence, or if, although there is some evidence to support the finding, we are left with a definite and firm conviction a mistake has been made. *Id.* Questions of law are fully reviewable. *Workforce Safety and Insurance v. Beaulieu*, 2018 ND 213, ¶ 12, 917 N.W.2d 211.

[¶16] At trial, witnesses for Family Tree testified they conducted a search of the title records to ascertain the state of ownership of the minerals. Maggie Atkinson, a landman with knowledge of common industry practices regarding examination of mineral title, testified she examined the title to the disputed minerals in April 2010. She testified "that based on the records, . . . Ann Kemske had a one-fifth interest." She testified she does not rely on a statement of claim to conclude a party owns a mineral interest. She testified that the parties listed on a statement of claim believe they own a mineral interest and "are trying to protect that interest . . . so [the minerals] don't become dormant and abandoned." She testified that at the time of her search, there was nothing appearing in the public records indicating Kemske did not own the minerals.

[¶17] Keith Foster, Family Tree's Vice President of Mineral Acquisitions, testified he dealt with Kemske in 2010 when she sold her minerals to Family Tree. Foster testified Family Tree subscribes to a leasing activity website, and through that site Family Tree became aware of Kemske's leasing activity. He testified about Family Tree's standard practice in acquiring mineral rights. He testified a mineral owner

would first execute a mineral deed to Family Tree, then Family Tree would verify title before recording the deed and paying the owner for the minerals. He testified Family Tree recorded Kemske's deed and paid Kemske after Atkinson reviewed title to verify Kemske owned the minerals. He testified that before acquiring Kemske's minerals, he spoke with other Benson family members, including Thomas Benson, about purchasing their mineral interests. Foster testified that during his discussions with Thomas Benson, Benson did not indicate he owned Kemske's minerals. The district court found both Atkinson's and Foster's testimony was credible.

[¶18] Family Tree's inquiry into the title records in April 2010 after Kemske executed the deed indicated Kemske owned the disputed minerals because Kemske's deed to Thomas Benson was not recorded until 2012. Foster testified Thomas Benson made no mention of his ownership of Kemske's minerals when speaking with Foster. While the 2005 statement of claim executed by Thomas Benson as power of attorney may have indicated that he had authority to act on behalf of the other owners, the extent of his authority was unknown because the power of attorney was not recorded until 2015. Kemske's lease of the minerals in 2009 showed she had authority to act on her own behalf with respect to her minerals. Family Tree ascertained the state of the ownership by examining title and determined Kemske owned the disputed minerals.

[¶19] On remand, following the earlier appeal, the district court tried the case to determine what additional inquiry Family Tree undertook to ascertain the ownership of the mineral interests in light of the statement of claim recorded in 2005. The court concluded that on the basis of the testimony and evidence, Family Tree and Desert Partners acted in good faith in purchasing Kemske's minerals. After reviewing the record, we conclude the district court's findings of fact were not clearly erroneous and the court did not err as a matter of law in concluding Desert Partners and Family Tree were good-faith purchasers of Kemske's mineral interests.

IV

[¶20]  We have considered Benson's remaining arguments and conclude they are either unnecessary to our decision or without merit. The district court did not abuse its discretion in proceeding with trial without Benson being present.  The court's findings were not clearly erroneous, nor did the court err as a matter of law in concluding Family Tree and Desert Partners were good-faith purchasers of the mineral interests from Kemske.  The judgment is affirmed.

[¶21]  Jon J. Jensen
       Lisa Fair McEvers
       Daniel J. Crothers
       Jerod E. Tufte
       Gerald W. VandeWalle, C.J.