# IN THE SUPREME COURT STATE OF NORTH DAKOTA

## 2019 ND 248

Paul E. Herman,                                                        Plaintiff and Appellant

    v.

Holly Herman and Harris Widmer, as

Co-Trustees of the Herman Family Trust,

u/a/d/ February 3, 1993, Holly Herman,

individually,                                                       Defendants and Appellees

    and

Villa Nazareth d/b/a Riverview Place,

The Salvation Army, Dakota Boys and Girls Ranch,

Alzheimer's Disease and Related Disorders

Association, Hamline University, Bethany Homes,

Great Plains Food Bank, Ada Public School

System, Emily Herman, Leah Herman, and Michelle

Herman,                                                                    Defendants

## No. 20190150

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Susan Lynne Bailey, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Jensen, Justice.

Sean Foss, Fargo, ND, for plaintiff and appellant.
Andrew Cook, West Fargo, ND, for defendants and appellees.

**Jensen, Justice.**

[¶1]   Paul Herman appeals from a judgment entered in favor of the trustees of a family trust [collectively the Trustees] following the district court's granting of the Trust's motion for summary judgment. Herman asserts the district court erred by finding the 120 day period to challenge the actions of the Trustees expired before he initiated these proceedings without providing him an opportunity to conduct discovery. We conclude the 120 day limitation period under N.D.C.C. § 59-10.1-03(1) does not begin until receipt of the notice of the Trustees actions, reverse the judgment of the district court, and remand with instructions to allow Herman additional time to conduct discovery pursuant to his request under N.D.R.Civ.P. 56(f).

I

[¶2]   Herman is a beneficiary of a family trust. On June 23, 2018, under N.D.C.C. § 59-10.1-03(1), the Trustees sent Herman notice of proposed amendments to the family trust and a proposed distribution of the trust's assets. The notice was sent to Herman at his last known address. Having moved in September of 2017, Herman no longer resided at the address where the notice was sent. Delivery to the address to which the notice was addressed and from which Herman had moved was confirmed to have occurred on June 25, 2018. Herman concedes he received a copy of the notice, but he does not recall when he received the notice.

[¶3]   Herman commenced this action on October 25, 2018. Four days later, on October 29, 2018, the Trustees moved for summary judgment arguing the 120 day time limitation provided by N.D.C.C. § 59-10.1-03(1) to challenge the trust had lapsed. Herman responded to the motion for summary judgment, in part, by requesting additional time to conduct discovery to obtain information to rebut the presumption he received the notice from the trust on the date it was delivered to his last known address. The district court granted summary

judgment after finding the 120 day limitation period had expired before Herman initiated this action.

[¶4]  Herman agrees N.D.C.C. § 59-10.1-03(1) creates a presumption he received the notice sent by the Trustees on the date it was delivered to his last known address. He also concedes the 120 day limitation period expired before this action was started if the period begins to run from the date delivery was made to his last known address. He argues the presumption he received the notice on the date of delivery is rebuttable, he should be allowed to rebut the presumption by establishing when he received notice, and if the notice was received after the date the notice was delivered to his former address his action was timely.  He contends the district court abused its discretion in denying his request to conduct discovery to obtain information regarding when he received the notice.

## II

[¶5]  In response to the motion for summary judgment, Herman requested additional time to conduct discovery, under N.D.Civ.P. 56(f), to establish the date he received notice from the Trustees. The district court denied the request for additional time to conduct discovery after finding "[f]actual questions concerning what date Plaintiff actually received notice of his right to contest the Trust or why the Trustees addressed the notice to a prior address are immaterial to the calculation of the time within which Plaintiff was required to commence action here."

[¶6]  A person seeking to challenge the modification of a trust must commence an action at the earliest of the following: 120 days after being notified of the modification, three years after the settlor's death, within the time in which a petition for review of a will could be filed under state law for some revocable trusts, or the date an individual's right to contest was precluded by adjudication, consent, or other limitation. In this case, the Trustees seek to apply the first period of limitation which is governed by N.D.C.C. § 59-10.1-03(1) and reads as follows:

2

A proceeding under this chapter may not be commenced later than the earliest of the following:

1. One hundred twenty days after the date the trustee notified the individual contesting the trust of the trust's existence or amendment. The notice must include the trustee's name and address and a copy of the trust instrument with amendments, if any, and must inform the recipient of the time allowed under this section for initiating a proceeding to contest the trust. A trustee may not have any liability under the governing instrument, to a third party, for failure to provide a notice under this subsection. Service of this notice is presumed to have been received upon delivery of the notice to the last known address of the individual to whom the notice is addressed;

[¶7]   The district court found the 120 day limitation period, under N.D.C.C. § 59-10.1-03(1), began to run from June 25, 2018, the date the notice was delivered to Herman's prior address and was presumed to have been received by Herman. The district court denied Herman's request to conduct discovery to rebut the presumption he received the notice on the day it was delivered.

III

[¶8]   The interpretation of a statute is a question of law, fully reviewable on appeal. *State v. Bearrunner*, 2019 ND 29, ¶ 5, 921 N.W.2d 894. This Court's primary purpose when interpreting a statute is to determine legislative intent. *Id*. Words in a statute are given their plain, ordinary, and commonly understood meaning, unless defined by statute or unless a contrary intention plainly appears. N.D.C.C. § 1-02-02.

[¶9]   The presumption in N.D.C.C. § 59-10.1-03(1) reads as follows: "[s]ervice of this notice is presumed to have been <u>received</u> upon delivery of the notice to the last known address of the individual to whom the notice is addressed." (emphasis provided). The presumption created within the statute relates to a determination of when the notice is received. The statute therefore requires receipt of the notice to start the 120 day limitation period; there would be no need to provide a presumption to determine when the notice is received if receipt has no significance in determining when the 120 day limitation period

3

begins. We conclude, as a matter of law, N.D.C.C. § 59-10.1-03(1) requires receipt of the notice, proven through the presumption or otherwise, to begin the 120 day limitation period.

[¶10] Even if there is a conflict between the various provisions of N.D.C.C. § 59-10.1-03(1), the provision in the last order or position in the statute prevails. N.D.C.C. § 1-02-08. The presumption here appears at the end of N.D.C.C. § 59-10.1-03(1). Similarly, we cannot ignore the clear and unambiguous language of the presumption relating to determining when the notice was "received" under the pretext of pursuing what we believe to be the spirit of the law. N.D.C.C. § 1-02-05.

## IV

[¶11]  Having concluded N.D.C.C. § 59-10.1-03(1) requires receipt of the notice to start the 120 day limitation period, it is necessary to consider whether Herman may rebut the presumption he received the notice upon delivery of the notice to his last known address. Our law recognizes relatively few conclusive presumptions. N.D.C.C. § 31-11-02. All other presumptions, unless expressly made conclusive by statute, are rebuttable. N.D.C.C. § 31-11-03. The presumption in N.D.C.C. § 59-10.1-03(1) is not one of the conclusive presumptions provided for in N.D.C.C. § 31-11-02, and the statute does not otherwise make the presumption conclusive.  Whether "a letter duly directed and mailed was received in the regular course of the mail" is a rebuttable presumption.  N.D.C.C. § 31-11-03(24).  We conclude the presumption in N.D.C.C. § 59-10.1-03(1) is a rebuttable presumption.

## V

[¶12] The parties agree the record, as it currently exists, supports the district court's conclusion the 120 day limitation period expired. The current record establishes the notice was delivered to Herman's last known address on June 25, 2018, the statute creates a presumption he received the notice on the date of delivery, and he started his action more than 120 days after he was presumed to have received the notice. However, Herman requested additional time to conduct discovery pursuant to N.D.R.Civ.P. 56(f) on the issues of when

4

he received notice and why the Trustees used an address where he was no longer residing. The district court denied his request to conduct discovery.

[¶13] "Under N.D.R.Civ.P. 56(f), a court may order a continuance to allow additional discovery before deciding a motion for summary judgment." *Horob v. Farm Credit Servs. of N.D. ACA*, 2010 ND 6, ¶ 20, 777 N.W.2d 611. This Court has recognized that "[s]ummary judgment is appropriate only after the non-moving party has had a reasonable opportunity for discovery to develop his position." *Choice Fin. Grp. v. Schellpfeffer*, 2006 ND 87, ¶ 9, 712 N.W.2d 855. We review a district court's decision on whether to allow additional time for discovery under N.D.R.Civ.P. 56(f) for an abuse of discretion. *Horob*, at ¶ 20. A district court "abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, it misinterprets or misapplies the law, or its decision is not the product of a rational mental process leading to a reasoned determination." *Desert Partners IV, L.P. v. Benson*, 2019 ND 19, ¶ 10, 921 N.W.2d 444.

[¶14] We have concluded the district court misinterpreted N.D.C.C. § 59-10.1-03(1) by not allowing Herman an opportunity to rebut the presumption of when he received notice. Also, the time limitation for initiating a claim is relatively short, 120 days, and the filing of the motion for summary judgment within four days of the service of the complaint prevented any discovery from being initiated. Finally, the motion for summary judgment was resolved as the result of a material fact established through a rebuttable presumption. Under these circumstances, we conclude it was an abuse of discretion to deny Herman's request for additional time to conduct discovery to obtain evidence to challenge the presumption he received notice on June 25, 2018, the date the notice was delivered to his prior address.

[¶15] N.D.C.C. § 59-10.1-03(1) requires notice to be received by the individual challenging the trustees actions to start the 120 day limitations period, and creates a rebuttable presumption notice was received on the date of delivery to the individual's last known address. The denial of Herman's request for additional time for discovery to gather information to rebut the presumption he received notice on the date of the delivery of the notice to his last known

address, which was more than 120 days prior to his initiation of this case, was an abuse of discretion. We reverse the judgment and remand this case to provide Herman with an opportunity to conduct discovery.

[¶16] Jon J. Jensen
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Gerald W. VandeWalle, C.J.