# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2024 ND 159

N.D. Energy Services, LLC,                                    Plaintiff and Appellant

    v.

Lime Rock Resources III-A, L.P. and

Herman Energy Services, LLC,                          Defendants and Appellees

### No. 20240096

Appeal from the District Court of Dunn County, Southwest Judicial District, the Honorable Rhonda Rae Ehlis, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Lawrence Bender and Spencer D. Ptacek, Bismarck, ND, for plaintiff and appellant; submitted on brief.

Paul J. Forster, Benjamin J. Sand, and Erik J. Edison, Bismarck, ND, for defendant and appellee Lime Rock Resources III-A, L.P.; submitted on brief.

Quinn P. Fylling, Bismarck, ND, for defendant and appellee Herman Energy Services, LLC; submitted on brief.

**Bahr, Justice.**

[¶1]     ND Energy Services, LLC, appeals a district court judgment denying its motion for summary judgment, granting summary judgment in favor of Lime Rock Resources III-A, L.P. and Herman Energy Services, LLC (collectively referred to as "Lime Rock"), and dismissing ND Energy's claims against Lime Rock. We conclude the leases provide Lime Rock the right to install layflat hoses on the property at issue; ND Energy had notice of Lime Rock's rights in the property; and Lime Rock was justified in instigating a breach of the temporary layflat easement between ND Energy and Kathleen Stroh. We affirm.

I

[¶2]     In 2005, a company entered oil and gas leases with Kathleen Stroh, the surface owner, and William and Evelyn Schmalz, severed mineral owners. The leases covered the same property, including the subject property. The leases were recorded. Lime Rock subsequently acquired ownership of both leases. Lime Rock spud wells on the property in 2009 and 2010. Lime Rock maintained both leases by continuous production from the wells.

[¶3]     In 2011, Stroh signed a surface use and damage agreement with another company. The surface use agreement was not recorded. However, a memorandum of the surface use agreement was recorded. Lime Rock subsequently acquired an interest in the surface use agreement.

[¶4]     On February 23, 2023, Stroh signed a temporary layflat easement agreement with ND Energy. The agreement granted ND Energy "the exclusive right to transfer freshwater via aboveground layflat hose, and/or any other conduits on and through the Property," for one year from its effective date.

[¶5]     In May 2023, Lime Rock placed layflat hoses across the property. "The layflat hoses at issue were used to transport water to frack [two] wells which Lime Rock operates." Lime Rock used the layflat hoses from May 23, 2023 to June 30, 2023.

[¶6]     ND Energy brought this suit against Lime Rock alleging claims of tortious interference of contract and willful trespass, and requesting a permanent injunction. Lime

1

Rock and ND Energy moved for summary judgment. The district court granted summary judgment in favor of Lime Rock and dismissed ND Energy's claims.

II

[¶7]   The standard of review for summary judgment is well established:

> In deciding whether the district court appropriately granted summary judgment, we view the evidence in the light most favorable to the opposing party, giving that party the benefit of all favorable inferences which can reasonably be drawn from the record. A party opposing a motion for summary judgment cannot simply rely on the pleadings or on unsupported conclusory allegations. Rather, a party opposing a summary judgment motion must present competent admissible evidence by affidavit or other comparable means that raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record raising an issue of material fact. When reasonable persons can reach only one conclusion from the evidence, a question of fact may become a matter of law for the court to decide. A district court's decision on summary judgment is a question of law that we review de novo on the record.

*Miller v. Nodak Ins. Co.*, 2023 ND 37, ¶ 12, 987 N.W.2d 369 (quoting *N. Star Mut. Ins. v. Ackerman*, 2020 ND 73, ¶ 6, 940 N.W.2d 857).

A

[¶8]   ND Energy argues the district court erred when it concluded the leases grant Lime Rock the right to install and operate layflat hoses on the property. The court held, "Lime Rock is entitled to reasonable use of the surface of the property to develop oil and gas by way of the leases underlying the property under the accommodation doctrine."

[¶9]   The leases provide the lessor grants, demises, leases, and lets exclusively to the lessee the subject property,

> with the exclusive right for the purpose of mining, exploring by geophysical and other methods, and operating for and producing therefrom oil and all gas of whatsoever nature or kind, with rights of way and easements for laying pipe lines, and erection of structures thereon to produce, save and take care of said products[.]

[¶10]  ND Energy agrees an easement to install and operate layflat hoses on the property "is necessary for Lime Rock's use of the Subject Property pursuant to the Leases." As

2

noted by the district court, "It appears the parties do not dispute that fresh water is necessary for fracking operations to develop oil and gas." However, citing N.D.C.C. § 9-07-21, ND Energy argues a layflat hose easement is excluded "[b]ecause the Leases expressly grant certain easements to Lime Rock[.]" Section 9-07-21 provides, "All things that in law or usage are considered as incidental to a contract or as necessary to carry it into effect are implied therefrom, unless some of them are mentioned expressly therein. In such case, all other things of the same class are deemed to be excluded." Because the leases specifically mention the right to lay pipelines, ND Energy asserts they exclude the right to install and operate layflat hoses.

[¶11]  Rejecting ND Energy's argument, the district court wrote:

> The Court does not find that the rights to use layflat hose and pipeline are mutually exclusive, such that the inclusion of the right to install pipeline then means that the use of layflat hose is excluded under the agreement because they are of the same class. They do not necessarily replace each other. They can have different functions. . . . [T]he Court concludes the plain and unambiguous language of the leases do not repel the construction that Lime Rock can use layflat hose on the property.

[¶12]  "The same general rules that govern interpretation of a contract apply to oil and gas leases." *Johnson v. Statoil Oil & Gas LP*, 2018 ND 227, ¶ 7, 918 N.W.2d 58. "The construction of a written contract to determine its legal effect is a question of law and on appeal, this Court will independently examine and construe the contract to determine if the trial court erred in its interpretation." *Id.* "Words in a contract are construed in their ordinary and popular sense, unless used by the parties in a technical sense or given a special meaning." *Id.* at ¶ 8. "A contract must be read and considered in its entirety so that all of its provisions are taken into consideration to determine the parties' true intent." *Id.*

[¶13]  "Under a usual oil and gas lease, the lessee, in developing the leased premises, is entitled to use of the land reasonably necessary in producing the oil[.]" *Feland v. Placid Oil Co.*, 171 N.W.2d 829, 834 (N.D. 1969). "Even though the surface rights of the lessee may arise by implication, it is important to note that lessee's rights are primarily governed by the specific grant of such rights in the lease." *Id.*

> Whether the express uses are set out or not, the mere granting of the lease creates and vests in the lessee the dominant estate in the surface of the land for the purposes of the lease; by implication it grants the lessee the use of the surface to the extent

3

necessary to a full enjoyment of the grant. Without such use, the mineral estate obtained under the lease would be worthless.

*Id.* (quoting *Texaco, Inc. v. Faris*, 413 S.W.2d 147, 149 (Tex.Civ.App.1967).

[¶14] We agree with the district court that the specific inclusion of pipelines in the leases does not exclude the use of layflat hoses. The leases are broad, granting "exclusively" to Lime Rock the property "with the exclusive right for the purpose of" producing oil and gas. As acknowledged by ND Energy, Lime Rock's installment and operation of layflat hoses "is necessary for Lime Rock's use of the Subject Property pursuant to the Leases." Moreover, ND Energy asserts layflat hoses were not used in the Bakken when the leases were entered. Thus, the leases' lack of reference to layflat hoses could not have been the result of an intentional exclusion. Finally, Lime Rock's use of temporary layflay hoses to transport water is the same or less of a burden on the surface property than its use of pipelines to transport oil, gas, or other products. Nothing in the leases' broad language indicates an intent to exclude the lessee's use of layflat hoses.

[¶15] We conclude the district court did not err when it held the leases are unambiguous and that the leases provide Lime Rock the authority to use layflat hoses on the property. Because of this conclusion, we need not address whether the surface use agreement also granted Lime Rock the right to use layflat lines on the property.

B

[¶16] Citing N.D.C.C. § 47-19-41, ND Energy argues the district court erred when it concluded the surface use agreement was not void because it was never recorded. *See* section 47-19-41 ("An unrecorded conveyance of real estate is void as against any subsequent purchaser in good faith, and for a valuable consideration, of the same real estate or any part of the same real estate[.]") ND Energy argues it was a good-faith purchaser of the 2023 temporary layflat easement agreement because it was not on notice of the surface use agreement. Lime Rock argues the memorandum of the surface use agreement, which was recorded, put ND Energy on notice of the surface use agreement. The district court concluded, "The recording of the memorandum of the surface agreement and the lease agreements should have put ND Energy on notice regarding Lime Rock's potential property rights."

[¶17] Section 47-19-19, N.D.C.C., provides, "The record of any instrument shall be notice of the contents of the instrument, as it appears of record, as to all persons." Section 47-19-

4

46, N.D.C.C., provides, "An unrecorded instrument is valid as between the parties thereto and those who have notice thereof." "This Court has 'consistently held that a purchaser who fails to make the requisite inquiry cannot claim the protection of a good-faith purchaser status' under N.D.C.C. § 47-19-41." *Desert Partners IV, L.P. v. Benson,* 2016 ND 37, ¶ 14, 875 N.W.2d 510 (quoting *Swanson v. Swanson,* 2011 ND 74, ¶ 10, 796 N.W.2d 614). "Rather, a person who fails to make the proper inquiry will be charged with constructive notice of all facts that such inquiry would have revealed." *Id.* (quoting *Swanson,* at ¶ 10).

[¶18] The recorded memorandum of surface use agreement provided ND Energy constructive notice of the surface use agreement. By inquiring into the recorded memorandum, ND Energy would have discovered a surface use agreement was in place for the land before it entered the layflat easement agreement. Therefore, ND Energy was not a good-faith purchaser of the surface use rights. *See Desert Partners IV, L.P,* 2016 ND 37, ¶ 14.

[¶19]  We conclude the district court did not err when it concluded ND Energy had notice of the surface use agreement and was not a good-faith purchaser.

C

[¶20]  ND Energy argues the district court erred in dismissing its claims against Lime Rock for tortious interference with contract and permanent injunction. ND Energy argues it has a layflat agreement with Stroh, and Lime Rock's installation of its layflat hoses on the property interfered in ND Energy's exclusive right to install layflat hoses on the property.

[¶21]  "To establish a prima facie case for intentional interference with contract, a plaintiff must prove (1) a contract existed, (2) the contract was breached, (3) the defendant instigated the breach, and (4) the defendant instigated the breach without justification." *Berger v. Sellers,* 2023 ND 171, ¶ 48, 996 N.W.2d 329 (quoting *Hilton v. N.D. Educ. Ass'n,* 2002 ND 209, ¶ 24, 655 N.W.2d 60).

[¶22] The district court denied ND Energy's claim for tortious interference with a contract, concluding ND Energy could not establish the last element of the tortious interference of contract claim. After concluding "Lime Rock had the right to use layflat hose to transport fresh water across the property, in accordance with the accommodation doctrine, by way of the lease agreements and surface use agreement[,]" the court wrote, "It may be questionable whether the agreement between Stroh and ND Energy is even valid,

5

but certainly Lime Rock did not instigate a breach without justification." Explaining its conclusion, the court wrote, "Lime Rock had justification because it was previously granted the right to use layflat hose on the property."

[¶23]   Regarding "ND Energy's request for a permanent injunction prohibiting Lime Rock from interfering with ND Energy's rights to the property[,]" the district court wrote: "A permanent injunction prohibiting Lime Rock from interfering with ND Energy's alleged exclusive right to use layflat hose on the property is not appropriate, since this Court determines Lime Rock already had the right to do so prior to ND Energy entering into its agreement with Stroh."

[¶24]   As concluded above, Lime Rock had the right to use the layflat hoses on the property through the leases. Based on that determination, we conclude the district court did not err in holding ND Energy's claims for tortious interference with contract and permanent injunction fail.

### III

[¶25]   We have considered the parties' other arguments and conclude they are either without merit or unnecessary for our decision. We affirm.

[¶26]   Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr