# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 27

Carrie Thompson-Widmer,                    Plaintiff and Appellant

v.

Kimberly Larson, Wells County,
Eddy County, and Foster County,           Defendants and Appellees

No. 20200173

Appeal from the District Court of Eddy County, Southeast Judicial District, the Honorable Mark T. Blumer, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Christopher A. Wills, St. Cloud, MN, for plaintiff and appellant.

Brian Schmidt (argued), and Scott K. Porsborg (on brief), Bismarck, ND, for defendant and appellee Kimberly Larson.

Lawrence E. King, Bismarck, ND, for defendants and appellees Wells County, Eddy County and Foster County.

**McEvers, Justice.**

[¶1]    Carrie Thompson-Widmer appeals from a judgment dismissing her claims of defamation and tortious interference with a business relationship against Kimberly Larson, Wells County, Eddy County, and Foster County. We affirm, concluding Larson's communications were privileged and therefore not subject to liability for defamation.

I

[¶2]    Thompson-Widmer was the director of Tri-County Social Services, which handled the social services for Wells, Eddy, and Foster Counties. Larson was also employed by Tri-County. Thompson-Widmer was Larson's direct supervisor.

[¶3]    In January 2017, Larson filed a formal complaint with the State Board of Social Work Examiners against Thompson-Widmer on the basis of Thompson-Widmer's actions in two child protection services cases. Larson alleged Thompson-Widmer misrepresented information about a child's home environment in one case, and altered a report about methamphetamine in an infant's meconium in the other case. Larson also met with a state's attorney about Thompson-Widmer's actions. The attorney referred the matter to a special prosecutor for consideration of potential criminal charges.

[¶4]    Tri-County placed Thompson-Widmer on paid administrative leave, and Larson became the interim director of Tri-County Social Services. Approximately ten days later on January 24, 2017, Thompson-Widmer resigned. Because the complaint to the State Board was filed while Thompson-Widmer was a Tri-County employee, Larson placed the complaint and the supporting documents in Thompson-Widmer's employee personnel file.

[¶5]    On March 14, 2017, the special prosecutor sent an email stating the investigation into Thompson-Widmer's conduct had ceased and "no criminal charges are to be filed at this time." On June 16, 2017, the State Board of Social

Work Examiners issued a letter of concern to Thompson-Widmer but did not take formal action against her social work license. The two documents were not placed in Thompson-Widmer's personnel file.

[¶6] After the criminal investigation into Thompson-Widmer's action was suspended, she became employed with Catholic Charities in April 2017. Tri-County worked with Catholic Charities on adoption placement cases. Larson's staff informed her they did not feel comfortable working with Thompson-Widmer. Larson notified Catholic Charities that Tri-County would rather work with someone other than Thompson-Widmer. Catholic Charities submitted an open records request for Thompson-Widmer's personnel file, and Larson fulfilled the request on Tri-County's behalf. In May 2017, after receiving the personnel file, which included Larson's complaint against Thompson-Widmer, Thompson-Widmer was terminated because she was not forthcoming about her issues while employed by Tri-County.

[¶7] Following the State Board of Social Work Examiners' June 2017 decision, Thompson-Widmer became employed by Dunn County Social Services from January 2018 to March 2018. She worked at Candeska Cikana Community College from March 2018 to March 2019. Thompson-Widmer also applied for other positions. Larson fulfilled open records requests for the employers and potential employers.

[¶8] In November 2018, Thompson-Widmer sued Larson and the Counties, claiming Larson defamed her and interfered with potential business relationships by sending her personnel file to potential employers. Thompson-Widmer alleged Larson knew that providing the personnel file would harm her employment or potential employment. Thompson-Widmer also alleged the Counties were liable for Larson's actions. In October 2019, Thompson-Widmer moved to amend her complaint to add a claim of punitive damages against Larson.

[¶9] Larson and the Counties moved for summary judgment, arguing they were immune from suit. They also argued that sending Thompson-Widmer's personnel file to potential employers were privileged communications. After a

2

hearing, the district court granted the motions for summary judgment, denied Thompson-Widmer's motion to add a punitive damages claim, and dismissed her claims against Larson and the Counties. The court concluded Larson's fulfillment of an open records request was a privileged communication because it was made in the proper discharge of an official duty. The court also concluded Larson was immune from liability as a political subdivision employee. In dismissing Thompson-Widmer's claim of tortious interference with a business relationship, the court concluded that since Larson was not liable for defamation, she could not be liable under a different theory of tort. The court concluded the Counties were not vicariously liable because Larson was not liable.

## II

[¶10] Our standard of review for a district court's grant of summary judgment is well established:

> Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record.

[¶11] *THR Minerals, LLC v. Robinson*, 2017 ND 78, ¶ 6, 892 N.W.2d 193 (quoting *Markgraf v. Welker*, 2015 ND 303, ¶ 10, 873 N.W.2d 26).

3

[¶12] Thompson-Widmer argues that Larson defamed her by implication by sending her personnel file to potential employers without the documents resolving the criminal investigation and the ethics complaint. Thompson-Widmer asserts the March 2017 email which indicated the criminal investigation was suspended and the June 2017 letter of concern from the State Board of Social Work Examiners should have been included in her personnel file as she believes these documents demonstrate the investigations were resolved in her favor. Thompson-Widmer contends Larson's communications to the potential employers defamed her by implication because Larson created the false and misleading impression that Thompson-Widmer was the subject of an open criminal investigation and ethics complaint.

[¶13] Defamation includes either libel or slander. N.D.C.C. § 14-02-02. "Libel is a false and unprivileged publication by writing . . . which has a tendency to injure the person in the person's occupation." N.D.C.C. § 14-02-03.

[¶14] Slander is a false and unprivileged publication other than libel, which:

> 3. Tends directly to injure the person in respect to the person's office, profession, trade, or business, either by imputing to the person general disqualifications in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to the person's office, profession, trade, or business that has a natural tendency to lessen its profits;
> . . . .
> 5. By natural consequence causes actual damage.

N.D.C.C. § 14-02-04.

[¶15] "A publication must be false to be defamatory." *Schmitt v. MeritCare Health Sys.*, 2013 ND 136, ¶ 11, 834 N.W.2d 627. "Statements that are 'technically true' on their face, however, may constitute civil libel if they use innuendo, insinuation, or sarcasm to convey an untrue and defamatory meaning." *Id.*

[¶16] Under N.D.C.C. § 14-02-05, certain communications are privileged:

> A privileged communication is one made:
> 1. In the proper discharge of an official duty;
> 2. In any legislative or judicial proceeding or in any other proceeding authorized by law;
> 3. In a communication, without malice, to a person interested therein by one who also is interested, or by one who stands in such relation to the person interested as to afford a reasonable ground for supposing the motive for the communication innocent, or who is requested by the person interested to give the information; and
> 4. By a fair and true report, without malice, of a judicial, legislative, or other public official proceeding, or of anything said in the course thereof.
> In the cases provided for in subsections 3 and 4, malice is not inferred from the communication or publication.

[¶17] "Privilege is based upon the sound public policy that some communications are so socially important that the full and unrestricted exchange of information requires some latitude for mistake." *Krile v. Lawyer*, 2020 ND 176, ¶ 18, 947 N.W.2d 366. "There is no liability for defamatory statements that are privileged." *Id.*

[¶18] The district court concluded that as the director of Tri-County Social Services, Larson was legally required to provide Thompson-Widmer's personnel file on request because the file was a public record. The court concluded Larson's "fulfillment of an open records request is a communication made in the proper discharge of an official duty and is a privileged communication under N.D.C.C. § 14-02-05(1)." The court also concluded that because Larson was a political subdivision employee, she was "immune from liability for fulfilling open records requests for Thompson-Widmer's personnel file."

[¶19] We agree with the district court that Larson's communications were privileged and she was immune from liability. The records of a public entity are public records. N.D.C.C. § 44-04-18(1). "A personnel file maintained by a personnel director of a political subdivision is a public record open to public inspection." *City of Grand Forks v. Grand Forks Herald, Inc.*, 307 N.W.2d 572,

5

578 (N.D. 1981). "Upon request for a copy of specific public records, any entity . . . shall furnish the requester one copy of the public records requested." N.D.C.C. § 44-04-18(2). Larson's fulfillment of open records requests was the exercise of an official duty; therefore, the communications were privileged under N.D.C.C. § 14-02-05(1).

[¶20] Thompson-Widmer asserts Larson should have updated her Tri-County personnel file with the documents stating criminal charges would not be filed against her and no action would be taken against her social work license. Thompson-Widmer argues that by not including those documents in her file, Larson created the false and misleading impression that Thompson-Widmer was the subject of an open criminal investigation and ethics complaint.

[¶21] Under N.D.C.C. § 32-12.1-03(3)(a), a political subdivision employee is immune from liability for "[a] claim based upon an act or omission of a political subdivision employee exercising due care in the execution of a valid or invalid statute or regulation." Additionally, a political subdivision employee may not be held personally liable "for acts or omissions of the employee occurring within the scope of the employee's employment unless the acts or omissions constitute reckless or grossly negligent conduct, or willful or wanton misconduct." N.D.C.C. § 32-12.1-04(3). The district court indicated Thompson-Widmer provided no authority establishing Larson had a duty to update Thompson-Widmer's personnel file after she resigned. Thompson-Widmer has also not alleged that failing to update her personnel file after her resignation was a reckless or grossly negligent act.

[¶22] Larson fulfilled open records requests under N.D.C.C. § 44-04-18(2) on behalf of Tri-County. We decline to hold that Larson's failing to supplement Thompson-Widmer's personnel file after she resigned created a genuine issue of material fact regarding Thompson-Widmer's claim of defamation by implication. *See, e.g., Schmitt*, 2013 ND 136, ¶ 19 (stating "It would be an odd use of the defamation doctrine to hold that silence constitutes actionable speech."). We conclude Larson's communications were privileged and she was immune from liability. The district court did not err in granting summary

judgment in favor of Larson and the Counties. The court did not err in dismissing Thompson-Widmer's claims against Larson and the Counties.

IV

[¶23] We have considered the parties' remaining arguments and conclude they are either without merit or not necessary to our decision. The judgment is affirmed.

[¶24] Jon J. Jensen, C.J.
      Gerald W. VandeWalle
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte