# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2021 ND 99

| | |
|---|---|
| PLS Services, LLC, | Plaintiff and Appellant |
| v. | |
| Valueplus Consulting, LLC, | Defendant and Appellee |
| and | |
| Clear Creek Retirement Plan LLC; John Wesley Johnson P.S. Defined Benefit Plan; 2011-12 Opportunity Fund 6-1, LLC; and all persons unknown claiming any estate or interest in, or lien or encumbrance upon, the real estate described in the Complaint; Robert L. Doremus and Shannon M. Doremus DBA Sound Investments Company; Dale John Huysman and Anita Ruth Huysman; and Rusty Fields, | Defendants |

### No. 20200270

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Paul W. Jacobson, Judge.

REVERSED AND REMANDED.

Opinion of the Court by McEvers, Justice.

Steven A. Lautt, Minot, ND, for plaintiff and appellant.

Trevor A. Hunter, Williston, ND, for defendant and appellee.

**McEvers, Justice.**

[¶1]   PLS Services appeals a district court's amended summary judgment dismissing its complaint against Valueplus Consulting, LLC, relating to a mortgage priority dispute. We conclude the district court did not abuse its discretion in certifying the summary judgment against PLS as final under N.D.R.Civ.P. 54(b), but we conclude the court erred in granting summary judgment. We reverse and remand.

I

[¶2]   In February 2014, PLS was assigned two mortgages executed on June 29, 2012, and recorded on July 10, 2012, against certain Williams County real property owned by Clear Creek Retirement Plan LLC. The subject property is legally described as:

> Lot 22R, Block 9, Madison Ridge Rearrangement #3, in Blocks 7, 9 & 10 in the E½ Section 30, Township 154 North, Range 101 West of the 5th P.M., Williams County, North Dakota

The mortgages and assignments to PLS contained incorrect legal descriptions and were therefore recorded in an errant tract index. The mortgages described the property as: "Lot 22R, Block 9, Madison Ridge Rearrangement," instead of "Lot 22R, Block 9, Madison Ridge Rearrangement #3." Lot 22R, Block 9, Madison Rearrangement does not exist.

[¶3]   Clear Creek and Valueplus executed a June 2012 purchase agreement whereby Valueplus agreed to purchase the subject property from Clear Creek. As part of the agreement, Clear Creek granted a $225,000 mortgage to Valueplus on July 12, 2012, containing the same errant legal description as the mortgages assigned to PLS. Valueplus executed a satisfaction of mortgage on March 15, 2013. On March 14, 2013, Clear Creek granted another $225,000 mortgage to Valueplus containing the correct legal description of the subject property. Valueplus did not purchase the property from Clear Creek, and the

mortgage was satisfied by a November 2013 satisfaction of mortgage executed by Valueplus.

[¶4] In January 2014, Fidelity Capital Services LLC assigned to Valueplus a mortgage against the subject property. The mortgage contained the correct legal description and was recorded in August 2013. In 2017, Valueplus sued Clear Creek to foreclose the mortgage. PLS moved to intervene, asserting its mortgages had priority. The district court denied PLS's motion, and Valueplus subsequently purchased the subject property in June 2019.

[¶5] In July 2019, PLS sued Clear Creek, Valueplus, and others, alleging it had a superior interest in the subject property. PLS sought reformation and foreclosure of its mortgages. Valueplus denied the allegation and moved for summary judgment, arguing it purchased the property in good faith because it was unaware of PLS's mortgages containing an incorrect legal description. PLS opposed Valueplus' motion, asserting Valueplus was not a good faith purchaser. PLS also argued it needed more time for discovery because Valueplus moved for summary judgment less than one month after answering the complaint.

[¶6] The district court granted Valueplus' motion, concluding Valueplus was a good faith purchaser of the property and did not have actual knowledge or constructive notice of PLS's mortgages. The court also concluded PLS's claims against Valueplus were frivolous and ordered PLS to pay Valueplus' costs, including attorney's fees. The court entered summary judgment ordering PLS to immediately release its lis pendens against the subject property and pay Valueplus $16,623 in costs and fees. On PLS's motion, the court subsequently amended the summary judgment, certifying the judgment against PLS as final under N.D.R.Civ.P. 54(b).

II

[¶7] Before reaching the merits of the appeal, we must first determine whether the district court appropriately certified entry of a final judgment under N.D.R.Civ.P. 54(b). Rule 54(b), N.D.R.Civ.P., preserves our long-standing policy against piecemeal appeals, and provides:

2

> If an action presents more than one claim for relief, whether as a claim, counterclaim, crossclaim, or third-party claim, or if multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

[¶8] We review a district court's decision to grant N.D.R.Civ.P. 54(b) certification under an abuse-of-discretion standard. *Tharaldson Ethanol Plant I, LLC v. Vei Glob., Inc.*, 2014 ND 94, ¶ 15, 845 N.W.2d 900. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when its decision is not the product of a rational mental process leading to a reasoned determination, or when it misinterprets or misapplies the law. *Id.*

[¶9] The district court must weigh the competing equities and take into account judicial administrative interests in deciding whether to grant certification under N.D.R.Civ.P. 54(b). *Tharaldson*, 2014 ND 94, ¶ 16. "A Rule 54(b) certification should not be routinely granted and is reserved for cases involving unusual circumstances where failure to allow an immediate appeal would create a demonstrated prejudice or hardship." *Citizens State Bank-Midwest v. Symington*, 2010 ND 56, ¶ 9, 780 N.W.2d 676. We have outlined a list of factors a court should consider, including:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

3

*Tharaldson*, at ¶ 16.

[¶10] "We have recognized that a Rule 54(b) certification may be appropriate if the certified judgment completely decides an entire claim." *Symington*, 2010 ND 56, ¶ 10. "We have also held that a district court does not abuse its discretion in granting a Rule 54(b) certification if the issues raised in the appeal will not be mooted by future developments in the district court." *Id.* (citing *Public Service Comm'n v. Wimbledon Grain Co.*, 2003 ND 104, ¶ 12, 663 N.W.2d 186; *Hansen v. Scott*, 2002 ND 101, ¶ 15, 645 N.W.2d 223; *Symington v. Walle Mut. Ins. Co.*, 1997 ND 93, ¶ 8, 563 N.W.2d 400).

[¶11] The district court addressed the factors to consider in granting N.D.R.Civ.P. 54(b) certification, and it found "each of the factors weigh[ed] in favor of certification." The court found the only claim between PLS and Valueplus was the priority of their interests in the subject property. The court found none of the unadjudicated claims involved the property; rather, PLS's claims alleged breach, fraud, negligence, and unjust enrichment claims against other parties, for which PLS sought money damages. The court found the results of the unadjudicated claims will have no bearing on the priority dispute between PLS and Valueplus. The court found the priority dispute will not be mooted by the decision on PLS's remaining claims. The court found a decision on the remaining claims would not offset the priority dispute between PLS and Valueplus. The court found PLS may suffer a harsh result because the summary judgment required PLS to release its lis pendens, and Valueplus may sell the property before PLS's remaining claims are resolved.

[¶12] Nothing in the record indicates Valueplus intended to sell the property before the district court resolved PLS's remaining claims. Nonetheless, the court's remaining analysis is sufficient to understand the rationale for its decision and supports certification. The court completely decided the priority dispute between PLS and Valueplus, which is the lone claim between the parties. PLS's remaining claims do not involve interests in the property, are not logically related legally and factually, and are not closely intertwined to its claim against Valueplus. PLS's priority claim against Valueplus will need to be decided and will not be mooted by the court's decisions on PLS's remaining

4

claims. The resolution of the remaining claims will not result in a setoff against PLS's priority claim. Those factors weigh in favor of certification, and we conclude the court did not abuse its discretion in granting the N.D.R.Civ.P. 54(b) certification to allow immediate appellate review of the priority claim.

## III

[¶13] Our standard of review for a district court's grant of summary judgment is well established:

> Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record.

*Thompson-Widmer v. Larson*, 2021 ND 27, ¶ 10, 955 N.W.2d 76 (quoting *THR Minerals, LLC v. Robinson*, 2017 ND 78, ¶ 6, 892 N.W.2d 193)."This Court has repeatedly held that summary judgment is inappropriate if the [district] court must draw inferences and make findings on disputed facts to support the judgment." *Farmers Union Oil Co. of Garrison v. Smetana*, 2009 ND 74, ¶ 10, 764 N.W.2d 665. The court may not weigh the evidence, determine credibility, or attempt to discern the truth of the matter when ruling on a summary judgment motion. *Martin v. Marquee Pac., LLC*, 2018 ND 28, ¶ 10, 906 N.W.2d 65.

## IV

[¶14] PLS argues the district court erred in concluding Valueplus was a good faith purchaser of the subject property.

[¶15] "A party's status as a good faith purchaser without notice of a competing interest is a mixed question of fact and law." *Sundance Oil & Gas, LLC v. Hess Corp.*, 2017 ND 269, ¶ 12, 903 N.W.2d 712. We have stated the facts necessary to decide whether a party has attained the status of a good faith purchaser without notice constitute findings of fact. *Id.* Conversely, a district court's ultimate determination a party acted in good faith constitutes a conclusion of law. *Id.*

[¶16] This Court has defined a good faith purchaser as follows:

> Good faith is "an honest intention to abstain from taking any unconscientious advantage of another even through the forms or technicalities of law, together with an absence of all information or belief of facts which would render the transaction unconscientious." N.D.C.C. § 1-01-21. A good-faith purchaser must acquire rights without actual or constructive notice of another's rights. [*Farmers Union Oil Co. v.*] *Smetana*, 2009 ND 74, ¶ 16, 764 N.W.2d 665. Actual notice consists of express information of a fact, N.D.C.C. § 1-01-23, and constructive notice is notice imputed by law to a person not having actual notice. N.D.C.C. § 1-01-24. A person who has "actual notice of circumstances sufficient to put a prudent person upon inquiry as to a particular fact and who omits to make such inquiry with reasonable diligence is deemed to have constructive notice of the fact itself." N.D.C.C. § 1-01-25; *Erway v. Deck*, 1999 ND 7, ¶ 10, 588 N.W.2d 862. Whether a party acted in good faith is a question of fact. *Smetana*, at ¶ 15. "The record of any instrument shall be notice of the contents of the instrument, as it appears of record, as to all persons." N.D.C.C. § 47-19-19. This Court long ago recognized that the language in N.D.C.C. § 47-19-19 provides constructive notice of the contents of a recorded instrument to all purchasers and encumbrancers subsequent to the recording. *First Nat'l Bank v. Big Bend Land Co.*, 38 N.D. 33, 37, 164 N.W. 322 (1917). *See Wheeler v. Southport Seven Planned Unit Dev.*, 2012 ND 201, ¶ 17, 821 N.W.2d 746; *Bangen v. Bartelson*, 553 N.W.2d 754, 758 (N.D. 1996).

*Sundance Oil & Gas,* 2017 ND 269, ¶ 13 (quoting *Desert Partners IV, L.P. v. Benson*, 2016 ND 37, ¶ 13, 875 N.W.2d 510).

[¶17] PLS claims that because Valueplus had a similar mortgage containing the same errant legal description, Valueplus had or should have had notice of PLS's mortgages, and should have inquired further into PLS's competing interest.

[¶18] The district court concluded Valueplus acquired its interest in the subject property in good faith because it had no actual knowledge or constructive notice of PLS's mortgages. The court concluded Valueplus did not have constructive notice of PLS's mortgages under this Court's decision in *Hanson v. Zoller*, 187 N.W.2d 47 (N.D. 1971). The court also found Valueplus did not have actual knowledge on the basis of the affidavit of Rakesh Gupta, Valueplus' manager.

[¶19] In *Hanson*, 187 N.W.2d at 56, this Court "conclude[d] that a prospective purchaser cannot be deemed to have constructive notice of instruments that are not indexed in the tract index under the specific tract of real estate to which they pertain." "[T]here must be substantial compliance with those sections of the recording laws that pertain to the matter of notice in order to give constructive notice." *Id.* "Failure to index an instrument in the tract index does not constitute such compliance." *Id.*

[¶20] Although Valueplus had a similar mortgage that included the same errant legal description, under *Hanson*, Valueplus did not have a duty to inquire further into PLS's mortgages to determine the correct legal description of the mortgaged property. The district court correctly concluded Valueplus did not have constructive notice that PLS's mortgages were intended to encumber the subject property.

[¶21] The district court also found Valueplus did not have actual knowledge of the mortgages assigned to PLS. In making this conclusion, the court appeared to rely heavily on Rakesh Gupta's affidavit. Gupta stated he had no knowledge of the errant legal description on the July 2012 mortgage with Clear Creek. Gupta stated Clear Creek, not Valueplus, handled the recording of the errant

7

mortgage and subsequent satisfaction of the mortgage. Gupta stated he did not learn of PLS's mortgages until PLS attempted to intervene in Valueplus' 2017 foreclosure action.

[¶22] Valueplus moved for summary judgment less than one month after answering the complaint. PLS opposed Valueplus' summary judgment motion and requested a continuance under N.D.R.Civ.P. 56(f) for additional discovery on whether Valueplus had knowledge of the mortgages assigned to PLS. A party's request for additional time for discovery under N.D.R.Civ.P. 56(f) is within the district court's sound discretion. *Choice Fin. Grp. v. Schellpfeffer*, 2006 ND 87, ¶ 9, 712 N.W.2d 855.

[¶23] Instead of addressing PLS's request for additional discovery in its order granting summary judgment, the district court concluded Gupta's affidavit was "uncontradicted" and Valueplus had no actual knowledge of PLS's mortgages. However, PLS did not have the opportunity to cross-examine the statements made in Gupta's affidavit or depose him. *See Aho v. Maragos*, 1998 ND 107, ¶ 4, 579 N.W.2d 165 (Stating "summary judgment under Rule 56 is only appropriate if the nonmoving party has had a full opportunity to conduct discovery to develop information essential to its position."); *Choice Fin. Grp.*, 2006 ND 87, ¶ 15 (Stating that when the facts are in the moving party's possession a continuance of a motion for summary judgment for additional discovery should be granted almost as a matter of course.). We conclude the court abused its discretion by not addressing PLS's Rule 56(f) request for additional discovery in its order granting summary judgment. We reverse and remand for further proceedings.

V

[¶24] Because we are reversing the district court's summary judgment in favor of Valueplus, we reverse the court's award of attorney's fees to Valueplus.

## VI

[¶25] The amended summary judgment is reversed and remanded for further proceedings.

[¶26] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte