FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
OCTOBER 28, 2021
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 190

Henry H. Behle IV,                             Plaintiff and Appellant

     v.

Darren Harr as Personal Representative
of the Estate of Henry L. Behle,              Defendant and Appellee

## No. 20210051

Appeal from the District Court of LaMoure County, Southeast Judicial District, the Honorable Daniel D. Narum, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice, in which Chief Justice Jensen, Justices VandeWalle and Tufte joined, and Justice Crothers concurred in the result.

Alan Baker, Fargo, ND, for plaintiff and appellant.

Andrew D. Cook (argued) and Keven J. Kercher (on brief), West Fargo, ND, for defendant and appellee.

**McEvers, Justice.**

[¶1]   Henry H. Behle IV appeals from a summary judgment in favor of Darren Harr as the personal representative of the Estate of Henry L. Behle.  The district court held Behle's claims against the Estate concerning two parcels of real estate were untimely under N.D.C.C. § 30.1-19-03(2), which bars certain claims that are not brought within three months of a decedent's death.  The court also held Behle's claim to personal property was barred by the six-year statute of limitations for conversion under N.D.C.C. § 28-01-16.  We affirm.

I

[¶2]   Henry L. Behle ("the decedent") was Henry H. Behle's father.  He executed a will naming Darren Harr, his nephew, as his personal representative.  His will left all of his property to Harr in the event Harr survived him.  He died on September 17, 2019, and Harr was appointed personal representative of the Estate.  The will was admitted to informal probate.  Behle filed claims against the Estate on January 27, 2020.  As relevant to this appeal, Behle's claims concerned two parcels of real estate and family photographs.  Harr disallowed the claims, and Behle brought this civil action.

[¶3]   As to the real estate, Behle's complaint included claims for breach of contract, promissory estoppel, fraud, deceit, and unjust enrichment.  The claims concern properties the parties refer to as the "Adrian Property" and the "Wilbur Quarter."  Behle alleged the decedent made an agreement with Behle's mother to transfer the Adrian Property to Behle upon the decedent's death.  Behle claimed his mother relinquished her rights in the property in exchange for the decedent's promise.  Behle also alleged he paid the decedent $220,000 in exchange for the decedent's promise to convey the Wilbur Quarter upon his death, which he did not do.  Behle alleged conversion as to the photographs.

[¶4]   The district court granted summary judgment in favor of Harr.  The court held Behle's claims concerning the real estate arose at the decedent's death because the decedent's will transferred the properties in a manner inconsistent with the promises Behle alleged the decedent made.  The court concluded the claims were untimely under N.D.C.C. § 30.1-19-03(2) because they were not made within three months after they arose.  The court alternatively held that even if the claims were timely, they would fail as a matter of law because the promises were not in writing.  The court also held Behle's conversion claim for the photographs was barred by the six-year statute of limitations under N.D.C.C. § 28-01-16.

II

[¶5]   We apply the following standard when reviewing a district court's decision on a motion for summary judgment:

> Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law.  A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record.  On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law.  Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record.

*PLS Servs., LLC v. Valueplus Consulting, LLC*, 2021 ND 99, ¶ 13, 960 N.W.2d 780 (quoting *Thompson-Widmer v. Larson*, 2021 ND 27, ¶ 10, 955 N.W.2d 76).

## III

[¶6]   Behle argues the district court erred when it held his claims concerning the real estate were untimely under N.D.C.C. § 30.1-19-03(2).

[¶7]   Section 30.1-19-03(2), N.D.C.C., applies to claims that arise at or after a decedent's death.  It requires any claim that is not based on a contract with the personal representative to be brought within three months after it arises:

> All claims against a decedent's estate which arise at or after the death of the decedent . . . whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented as follows:
>
> a.  A claim based on a contract with the personal representative, within four months after performance by the personal representative is due.
>
> b.  Any other claim, within three months after it arises.

"A primary objective of a nonclaim statute is the expeditious and orderly processing of decedents' estates, and if claims against a decedent's estate are not timely filed, the claims are barred as a matter of law."  *Steen & Berg Co. v. Berg*, 2006 ND 86, ¶ 6, 713 N.W.2d 87; *see also Murphy v. Murphy*, 1999 ND 118, ¶ 24, 595 N.W.2d 571.

## A

[¶8]   Behle asserts there is a factual issue precluding summary judgment.  In his complaint, Behle alleged the transfer of the Wilbur Quarter was to occur upon the decedent's death.  He maintained this position in a sworn discovery response stating: "My father told me that I would receive the Wilbur Quarter when he died because he had no Will and since he was not married, I was his only legal heir."  Later, during a deposition, Behle contradicted himself claiming he expected the transfer of the Wilbur Quarter to occur when the decedent paid off his debt on another property.

3

[¶9]   We hold Behle's inconsistent statement does not create a genuine issue of material fact.   Litigants may not contradict themselves to manufacture factual disputes for purposes of avoiding summary judgment.   *See Hysjulien v. Hill Top Home of Comfort, Inc.*, 2013 ND 38, ¶ 23, 827 N.W.2d 533 ("when a party attempts to create a fact issue by filing an affidavit contradicting earlier testimony to avoid summary judgment, the party raises a 'sham issue of fact instead of a genuine one'").   Nor may litigants engage in legal maneuvering by denying or contradicting their prior sworn statements or by asserting positions inconsistent with one they have previously asserted.   *Meide v. Stenehjem*, 2002 ND 128, ¶ 15, 649 N.W.2d 532.   We conclude the district court did not err when it held there was no genuine dispute of material fact.

B

[¶10] Behle argues his claims arose before the decedent's death when the decedent made the will leaving his property to Harr and when the decedent sold a portion of the Wilbur Quarter to a third party.   Behle argues these actions, which occurred during the decedent's life, constitute a breach of contract and therefore the time limits for claims arising upon a decedent's death under N.D.C.C. § 30.1-19-03(2) do not apply.

[¶11] A breach of contract may occur before performance is due if a promisor repudiates the contract.   *Glatt v. Bank of Kirkwood Plaza*, 383 N.W.2d 473, 479 (N.D. 1986).   Absent repudiation and the accompanying anticipatory breach, "[b]reach of contract occurs when there is nonperformance of a contractual duty *when it is due.*"   *Good Bird v. Twin Buttes Sch. Dist.*, 2007 ND 103, ¶ 9, 733 N.W.2d 601 (emphasis added); *see also Welch Constr. & Excavating, LLC v. Duong*, 2016 ND 70, ¶ 5, 877 N.W.2d 292 ("A breach of contract is the nonperformance of a contractual duty when it is due.").

[¶12] In this case, Behle alleged the decedent promised to convey the properties at the time of his death and that the decedent did not do so.   Behle does not claim the decedent ever announced an intention not to perform the alleged contract or that the decedent declared the contract repudiated.   Given these circumstances, we conclude the district court did not err when it held

4

Behle's claims to the real estate arose at the time specified for performance, which was the moment of the decedent's death.

C

[¶13] Behle argues that even if his claims to the real estate arose at the decedent's death, the N.D.C.C. § 30.1-19-03(2) time limit does not apply because this dispute does not fall within the definition of "claim" as set out by N.D.C.C. § 30.1-01-06(7).

[¶14] Section 30.1-01-06(7), N.D.C.C., defines the term "claim" to include "liabilities of the decedent or protected person whether arising in contract, in tort, or otherwise, and liabilities of the estate which arise at or after the death of the decedent." However, the statute specifically excludes "demands or disputes regarding title of a decedent . . . to specific assets alleged to be included in the estate" from the definition of the term "claim." *Id*. The time limits set out by N.D.C.C. § 30.1-19-03(2) only apply to "claims." Thus, if a dispute does not constitute a "claim," the time limits do not apply. For a demand to be excluded from the N.D.C.C. § 30.1-19-03(2) time limits under this exception, the claimant must make at least a "colorable showing" of title. *Murphy*, 1999 ND 118, ¶ 31; *see also In re Estate of Powers*, 552 N.W.2d 785, 787 (N.D. 1996). "[M]erely casting a claim in terms of title to property is insufficient to avoid the time limitations of the nonclaim statute if the gist of the claim sounds in tort or in contract." *Steen & Berg Co.*, 2006 ND 86, ¶ 15.

[¶15] Behle asserts the N.D.C.C. § 30.1-01-06(7) title dispute exception applies to his claims because they "are demands and disputes concerning specific assets . . . alleged to be included in the estate." There is no disagreement that if the exception does not apply, Behle's claims on this issue are untimely under N.D.C.C. § 30.1-19-03(2) because they were presented more than three months after the decedent's death.

[¶16] Behle's argument is similar to one rejected in *In re Estate of Leavitt*, 733 A.2d 348 (Me. 1999), which we found instructive in *Steen & Berg Co.*, 2006 ND 86, ¶ 15. The decedent was an owner of a flower shop. *Leavitt*, at 348. An employee claimed the decedent promised to transfer the flower shop to him

5

upon his death. *Id.* at 349-50. The employee argued his claim was not untimely under Maine's nonclaim statute because it constituted a title dispute. *Id.* at 350. Interpreting Maine's definition of "claim," which was identical to N.D.C.C. § 30.1-01-06(7), the Maine Supreme Judicial Court rejected the employee's argument reasoning there was no title dispute:

> Wadsworth's claim cannot reasonably be construed as a title dispute regarding a piece of property; it is a claim that Leavitt breached his promise to devise the flower shop to Wadsworth in return for his years of employment. Such a claim falls squarely within [the statute defining the term "claim"] and is subject to the time restrictions of the Code. . . . [C]reative labeling cannot exempt a "claim" from the requirements of the Probate Code.

*Id.* at 350.

[¶17] As in *Estate of Leavitt*, Behle's claims are based on allegations that the decedent breached promises to convey property. He does not allege the properties were ever conveyed to him. Nor does he claim he is vested with title by operation of law. *See In re Estate of Powers*, 552 N.W.2d at 787 (plaintiff alleging ownership by right of survival made a colorable showing of title for purposes of the nonclaim statute). Behle's claims are not founded upon a colorable showing of title. He has brought claims for breach of contract and other claims sounding in tort. They fall within the N.D.C.C. § 30.1-01-06(7) definition of a "claim," which includes liabilities "arising in contract, in tort, or otherwise." We conclude the district court did not err when it held Behle's claims to the real estate were untimely under N.D.C.C. § 30.1-19-03(2).

IV

[¶18] Behle argues the district court erred when it held his conversion claim for the photographs was barred by the six-year statute of limitations under N.D.C.C. § 28-01-16. Behle argues, in conclusory fashion, that "[n]either party briefed any statute of limitation issues." Our review of the record reveals Harr did raise the issue in his summary judgment briefing. Behle has provided no other supportive reasoning or authority for his argument, and we therefore conclude it is without merit. *See Gaede v. Bertsch*, 2017 ND 69, ¶ 18, 891

6

N.W.2d 760 ("an argument is without merit if a party does not provide supportive reasoning or citations to relevant authorities").

V

[¶19] We have considered Behle's remaining arguments and conclude they are either without merit or unnecessary to our decision.  The judgment is affirmed.

[¶20] Jon J. Jensen, C.J.
 Gerald W. VandeWalle
 Lisa Fair McEvers
 Jerod E. Tufte

 I concur in the result.
 Daniel J. Crothers